GEORGE W. HOOPER *vs.* HORACE S. BACON.

York.　　Opinion September 11, 1906.

*Negligence.　Personal Injuries.　Unskilful Treatment by Surgeon.　Damages not Mitigated Thereby, When.*

In a suit to recover damages for personal injuries, if the plaintiff employed a surgeon of ordinary professional knowledge and skill, and followed his directions, he is entitled to recover compensation for all the damages sustained, though the surgeon may not have used the requisite skill, or may have erred in judgment, and by unskilful treatment have prevented the plaintiff from recovery from the injury as soon or as perfectly as he would have recovered under skilful treatment.

On motion and exceptions by defendant.　Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant, who was driving an automobile.

The writ originally contained two counts, but during the progress of the trial, the plaintiff, against the defendant's objection, was allowed to amend his writ by inserting a third count. The three counts are as follows :

"For that the plaintiff on the seventh day of July A. D. 1904, was driving along a highway, to wit, a public street, within the compact and built up portion of the town of York, the same being the highway leading from Long Sands, so called, to Short Sands, with a horse and carriage, and the said defendant was then and there in the possession of, and driving, operating and moving an automobile or motor vehicle along said highway or public street, in the same direction, and coming behind the said plaintiff's team, and the said defendant then and there had the management and control of said automobile or motor vehicle, and that the said defendant carelessly and negligently drove, operated and managed said automobile or motor vehicle along said highway at a rate of speed greater than was reasonable and proper, with regard to the traffic and use of said highway by others, and at a rate of speed so great as to endanger the life and limb of any person traveling therein, to wit, at the rate of thirty

miles an hour, that said town of York made no ordinance or by-law permitting any automobile or motor vehicle to be run at a greater rate of speed than eight miles an hour, that by reason of the careless and negligent manner in which the defendant was then and there driving, operating and managing said automobile or motor vehicle and of the great rate of speed, to wit, a rate of speed greater than eight miles an hour which he was then and there driving said automobile or motor vehicle, and after the said defendant had been requested and signalled by the plaintiff to stop by putting up his hand, and while the plaintiff was in the exercise of due care on his part, the defendant ran said automobile or motor vehicle against the said plaintiff, and the plaintiff was thereby thrown with great force to the ground and severely bruised and injured about the head, back, spine, arms, body and legs, and otherwise bruising and injuring him, and permanently disabling him from future labor and employment, causing him to suffer great pain in body and mind from which he is not likely to recover, and causing him great expense, which he has incurred and has yet to incur, for medical attendance, advice, medicine and nursing.

" Also for that the said plaintiff on the seventh day of July A. D. 1904 was driving and riding his horse and carriage along a public highway in the town of York in said county, using due care, that said public highway leads from Long Sands, so called, in said town of York to Short Sands, so called, in town of York, and said plaintiff was driving from said Long Sands to said Short Sands, that said defendant was then and there driving and operating an automobile or motor vehicle along said public highway, that said town of York did not then and there permit by its ordinance or by-law a greater rate of speed than eight miles an hour. That said highway from said Long Sands to said Short Sands is within the compact part of said town of York, that the said defendant was then and there driving said automobile or motor vehicle at a rate of speed greater than eight miles an hour, to wit, at the rate of thirty miles an hour, that said defendant was then and there driving said automobile or motor vehicle at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of the way by others, that

said defendant was then and there driving said automobile or motor vehicle at such a rate as would endanger the life and limb of any person traveling in said highway, that while the said plaintiff was then and there driving his said horse and carriage in said highway as aforesaid at a point in said highway opposite the road leading from said highway to the Nubble, so called, which point is about two hundred feet northerly of the Joseph F. Noues cottage on Long Sands, and while the said plaintiff had requested and signalled the said defendant by putting up his hand, to stop, and while the said defendant was then and there carelessly and negligently and recklessly driving his said automobile or motor vehicle as aforesaid, at said great rate of speed, and without heeding the request and signals of the plaintiff to stop, and while going at said great rate of speed said defendant ran said automobile or motor vehicle against the plaintiff, causing him to fall to the ground, crushing his legs and injuring his back, side, and spine, breaking a bone of his right leg and other injuries to said plaintiff then and there did, all caused by the great rate of speed which the said defendant was then and there driving, and the careless, negligent and reckless manner in which the said defendant managed and controlled said automobile or motor vehicle, thereby causing him to suffer great pain in body and mind from which he is not likely to recover, and causing him great expense, which he has incurred and has yet to incur for medical attendance, advice, medicines and nursing.

" And also, for that the said plaintiff on the seventh day of July A. D. 1904, was driving and riding his horse and carriage along a public highway in the town of York, in said County, using due care; that said public highway leads from Long Sands, so-called, in said town of York, to Short Sands, so-called; that said defendant was then and there driving and operating an automobile along said highway; that said highway is within the compact part of said town of York; and while the said plaintiff was then and there driving in his said team along said highway in the direction of said Short Sands, while at a point opposite the road leading from said highway to the Nubble, so-called, otherwise called Dover Bluffs, the said defendant, after he had been signalled by the plaintiff to stop and

after he had sufficient time to bring his automobile to a standstill, long before reaching Mr. Hooper, carelessly, negligently, recklessly and before bringing his automobile to a standstill, said defendant ran said automobile up behind said Hooper's team, and along the road beside of said team and passed the same, whereby the plaintiff's horse became frightened, causing Mr. Hooper to be thrown to the ground and the bone of his right leg broken and the ankle and foot of his right limb crushed, jammed and injured. All caused by the careless, negligent and reckless manner in which the said defendant moved and operated his said automobile, after having been signalled to stop as aforesaid. That the said plaintiff was in the exercise of due care. In consequence of the injuries to the plaintiff's limb as aforesaid, he has suffered great pain in body and mind, has been subjected to great expense for medicine, medical treatment and care and has been wholly prevented from performing any labor, and that he will in the future be wholly incapacitated from performing any labor, and will continue to suffer from said injuries so long as he shall live."

Tried at the January term, 1906, of the Supreme Judicial Court, York County. Plea, the general issue. Verdict for plaintiff for $1925. The defendant then filed a general motion for a new trial and also took exceptions to the ruling allowing the aforesaid amendment to the plaintiff's writ. At the hearing before the Law Court the exceptions were waived and the case was argued by the defendant on the motion only.

The point relied upon by the defendant is stated in the opinion.

*Mathews & Stevens,* for plaintiff.

*Cleaves, Waterhouse & Emery,* for defendant.

SITTING : WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

SAVAGE, J. Case for personal injuries. The only point relied upon by the defendant under his motion for a new trial is that the damages awarded are excessive. It is not seriously contended that they are excessive in view of all the consequences of the plaintiff's

original injuries. But it is claimed that for a part of the consequences the defendant is not responsible. In other words, the defendant says that the plaintiff's injuries did not receive proper surgical treatment, and that by reason of the want of proper care or skill on the part of the surgeon employed by the plaintiff, his injuries were greatly aggravated, and the consequences much more serious than they would have been otherwise.

The law is against the defendant on this point. It was the duty of the plaintiff to use due care in the selection and use of means for his recovery. It was his duty to employ a surgeon of ordinary professional knowledge and skill, and to follow his necessary directions, and if he did so he would be without fault in that respect himself. And if he did so he would be entitled to recover compensation for all the damages sustained, though the surgeon may not have used the requisite skill, or may have erred in judgment, and by unskilful treatment have prevented the plaintiff from recovery from the injury as soon or as perfectly as he would have recovered under skilful treatment. The unskilful treatment by the surgeon, itself, if any there was, arose as a consequence of the original fault of the defendant. *Stover* v. *Bluehill*, 51 Maine, 439.

Nothing appears in the record before us to show that the plaintiff did not fully perform his duty in the employment of a surgeon.

The exceptions are waived.

*Motion and exceptions overruled.*