## ANNIE O'DONNELL *vs.* RHODE ISLAND COMPANY.

### APRIL 10, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Evidence. Surprise.*

Where a declaration claimed injury to the "internal organs" and specific mention that pelvic injury was claimed was given to the defendant's surgeon and reported to its counsel, evidence as to such injury is not in the nature of a surprise and is properly admitted.

(2) *Evidence.*

Objection to testimony is waived by subsequent cross-examination upon the same subject.

(3) *Damages.*

Where it was contended by the defendant that it was the duty of the plaintiff to have submitted to an operation, to diminish the amount of damages, the charge of the trial court that it was the duty of the plaintiff to do what the jury found a reasonable person would have done under the circumstances, but that it was not her duty to do it unless the jury found a successful result would be accomplished; and that if plaintiff had put herself in the hands of a physician, and followed his advice, the defendant was liable, although the physician lacked in skill or erred in judgment, correctly stated the law.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and overruled.

PER CURIAM.   The defendant's exceptions are mostly trivial and call for no other comment.   Those which are seriously relied upon must be overruled for the following reasons:

(1)   Injury to the pelvic organs may well be included in the claim in the declaration of injury to the "internal organs," and specific notice that pelvic injury was claimed was given to

the defendant's surgeon and was immediately reported to its counsel, as the surgeon testified at the trial. It is plain that this claim was no surprise to the defendant, and the evidence was properly admitted.

The circumstances of the accident made it quite as probable that the injury to the shoulder was caused directly by the fall as by the ligating of the arm after the fracture was reduced. In either case it was a natural result of the accident and a proper element in estimating the damages.

(2) The life tables were introduced against the objection of the defendant, but the question as to the permanence of the injury was the subject of extended cross-examination, and any valid objection to the introduction of the tables was thereby waived.*

(3) It was contended by the defendant that the adhesions now existing around the shoulder joint could be relieved by forcible rupture and manipulation—a process so painful as to require the administration of an anæsthetic; and, further, that it was the duty of the plaintiff to submit to such an operation and so diminish the amount of damages.

Much evidence was introduced to the effect that such an operation was not sure to be effectual and might cause other harmful results.

The court, in answer to a question of the jury, instructed them: " I can not advise you that it is the duty of the plaintiff to undergo, as a matter of law, to submit herself to etherization. It is a matter to be judged in the light of what a reasonable person would do; she must do all that a reasonable person

---

* JOHN C. GAUTIERI vs. FRANK ROMANO.

RESCRIPT.

APRIL 16, 1906.

The motion in arrest of judgment must be denied. The defect in the declaration is the omission of the words "vi et armis," which may be cured by amendment at any stage of the case. Barlow v. Tierney, 26 R. I. 557.

The defendant's exceptions to the introduction of testimony were all waived by subsequent cross-examination upon the same subjects.

The greater part of the testimony was superfluous, and much of it impertinent. Both parties seem to have endeavored to waste as much time as the court would permit, and extraordinary latitude was allowed.

We find the verdict fairly supported by the evidence, and the amount of the verdict is not grossly excessive.

The petition for a new trial is denied, and the cause is remitted to the Superior Court for judgment on the verdict.

would do to minimize those damages, and if you are of the opinion that a reasonable person would submit to be put under ether, to have the arm manipulated, and that that would restore it in a period of three months, then I say to you it is her duty to do it.   It is not her duty to do it, unless, in your opinion, that result would be accomplished; that to submit to that operation, putting herself under ether, for the purpose of breaking down those adhesions, and restoring the complete function of the arm, was such a thing that a reasonable person would do.   It comes down to the question, in my view of the case, to whether a reasonable person would submit to it.   She must do all that a reasonable person would do to reduce her injuries as much as possible, not only in the future, but she must have done it in the past; and if there is evidence that shows that her claims of injuries have been increased, of the evidence, of course, you, gentlemen, are the judges, and for such increase and her negligence, the defendant would not be liable.   But if she puts herself into the hands of the physicians and follows their advice, then the defendant would be liable, even though the physicians themselves lack in skill or may err in judgment."

We think this instruction was correct.   *Hooper* v. *Bacon*, 64 Atl. Rep. 950 (Me.).

Some of the remarks of the plaintiff's counsel in arguing the case verge closely upon an improper appeal to passion or prejudice, if not contempt of the authority of the court, but we think the criticisms of the court were sufficient to cure any harm that could have been caused by them.

Upon the merits of the case we think it proven by a fair preponderance of the evidence that the plaintiff suffered the injuries of which she complains by being violently thrown from the defendant's car on account of unusual and excessive speed at which it was propelled around a curve, and that the damages assessed are not excessive in view of evidence which the jury were entitled to believe.

The exceptions are overruled, and the cause is remanded to the Superior Court for judgment on the verdict.

*John W. Hogan*, for plaintiff.

*Henry W. Hayes*, for defendant.