CATHERINE WRIGHT *vs.* CLARENCE BLAKESLEE ET AL.

Third Judicial District, New Haven, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The trial court correctly instructed the jury that the duty of a contractor engaged in making extensive repairs upon a highway which is not completely closed to all kinds of traffic, is to exercise reasonable care to prevent injury to such persons as are lawfully traveling thereon; and that the duty of the traveler is to use the same degree of care to avoid known dangers and to discover those which are hidden.

The excavation and repaving by the defendants of the easterly half of a highway did not prevent the operation of trolley cars, from one of which the plaintiff alighted after nightfall and, having crossed the excavated portion of the street and stepped upon the adjoining sidewalk, she tripped upon a small, unguarded water-pipe which the defendants were using in connection with their work, and sustained the injuries for which she brought the present action. *Held* that the evidence fully supported the verdict for the plaintiff.

The trial court's statement to the jury that it was "totally dark" at the place of the accident, though somewhat exaggerated, was not sufficiently misleading to have harmed the defendants.

Prior to the commencement of the present action, the plaintiff brought suit against her physician alleging improper and unskillful treatment of her injuries. *Held* that the complaint in that suit, introduced as evidence in the present case, was an admission by the plaintiff of the truth of its allegations, but

the error of the trial court in charging the jury that there was no evidence upon the point did not prejudice the defendants, in view of the well-established principle that if the plaintiff in an action for personal injuries based on negligence exercises reasonable care in selecting a physician and effecting a cure, the fact that his recovery is retarded or his condition aggravated by improper or unskillful treatment, is not available to the defendant in mitigation of damages.

Leading questions are permissible within the sound discretion of the trial court.

The exclusion of admissible testimony is not reversible error where the desired evidence has been substantially introduced in another manner.

Argued January 29th—decided March 6th, 1925.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants in leaving an iron pipe in a highway upon which the plaintiff tripped and fell, brought to the Superior Court in New Haven County and tried to the jury before *Wolfe, J.;* verdict for the plaintiff for $3,700, and from the judgment rendered thereon the defendants appealed. *No error.*

*Robert J. Woodruff,* for the appellants (defendants).

*Walter J. Walsh,* with whom was *Thomas J. Ryan,* for the appellee (plaintiff).

WHEELER, C. J.   The plaintiff offered evidence to prove, and the jury might reasonably have found, the following facts:   The defendants on June 1st, 1923, were contractors, engaged in making and laying a pavement on Campbell Avenue, which was a highway in West Haven, and in doing such work had excavated the easterly half of this avenue and placed loose stone thereon.   Traffic was suspended on this half of the street, but the trolley-cars continued operating in the middle of the street.   Defendants left a water-pipe

lying across the easterly sidewalk of this avenue and directly in the pathway that one would ordinarily take when passing to the easterly sidewalk after alighting from a trolley-car that was proceeding southerly. Plaintiff, at 9:30 in the evening of this day, when it was dark, alighted from a trolley-car at this point, crossed the easterly side of Campbell Avenue, and in the exercise of reasonable care stepped on to the curb and had proceeded a few steps upon the easterly sidewalk, when she caught her foot under this pipe and fell and suffered the injuries for which she sues to recover damages.

Defendants' appeal from the denial of the motion to set aside the verdict is based upon their claim that there was no evidence before the jury from which they could have found that the defendants had placed or maintained this pipe over which plaintiff alleges she tripped and fell, or that the injury from which the plaintiff suffered at the time of the trial was occasioned by her falling over this pipe, or that plaintiff was herself free from negligence essentially contributing to her injuries. None of defendants' claims have merit. The verdict of the jury is fully supported by the evidence. There seems to have been no reasonable ground of appeal from the denial of the motion to set aside the verdict.

Defendants' counsel criticise the charge in a number of particulars, chief of which is its alleged failure to instruct the jury properly as to defendants' duty toward plaintiff as respects this pipe. Their sole duty, they maintain, was to exercise reasonable care to place such warnings or barriers in the vicinity of the street on which they were working as would warn the public that the street was closed to traffic. This claim is predicated upon the fact that Campbell Avenue was closed to traffic. In fact it was open as to passengers alighting

from trolley-cars. Likewise the claim that the plaintiff, who went upon a highway closed for traffic and undergoing repair did so at her own risk, is predicated upon the fact that Campbell Avenue was a closed street, which was not the fact. The court's instruction that the defendants owed to the plaintiff "the duty of using reasonable care in the performance of the work that they were carrying on, so as not to create and maintain an obstruction upon the sidewalk that was a source of danger, or likely to prove a menace, or cause an injury to persons who are lawfully using such highway, and who are in the exercise of due care," was correct under the circumstances of this case. Its instruction as to the duty owed by the plaintiff was equally correct: "A traveler upon a highway has a right to presume that the highway will be free from dangerous pitfalls until the contrary appears. It was the plaintiff's duty to be watchful of her surroundings and of the way in which she was going, and to exercise ordinary care, both to avoid dangers known to her and to discover dangers or conditions of danger to which she was exposed."

Reasons of appeal eight, nine, ten and eleven assign as error recognized principles of law which the court presented to the jury in unexceptionable form. Reasons of appeal four, twelve and thirteen, which assign error in parts of the charge wherein some of the facts are claimed to have been incorrectly stated in such way as to have prejudiced the jury, do not find support in the record. Reasons of appeal nineteen, twenty and twenty-one assign as error the refusal to charge as requested by defendants, that plaintiff was bound under the circumstances presented in this case to exercise a high degree of care. The duty resting upon the plaintiff, a traveler upon the highway, was to exercise reasonable care, and this the court charged. Reasons

of appeal sixteen, seventeen and eighteen obviously furnish no ground for discussion except the phrase at the conclusion of reason eighteen, "and that there was no warning light or barrier there, and that it was totally dark at said point, stands uncontradicted." Defendants' contention is that there was no foundation in the evidence for the statement that it was "totally dark" at the time and place of this accident. Plainly the evidence would have warranted the court in saying it was very dark, and so much so that one could not recognize people collected there, although known to him. The statement of the court was a somewhat exaggerated description of the condition of darkness, but not so much so as to enable us to conclude that the jury were likely to have been misled by it.

The defendants offered in evidence the complaint in an action by the plaintiff against Dr. Smith—who treated the plaintiff for the injury for which she sues, in which she alleges that he did not use due and proper skill and care in such treatment—as tending to prove that the plaintiff's condition was due to Dr. Smith's negligence. The charge upon this subject which defendants especially criticise is found in reason of appeal seven, and is this: "And I think you will have no difficulty in finding that the plaintiff used due care in employing physicians and in securing hospital treatment in her endeavor to be cured; and I do not think the claim of the defendants concerning Dr. Smith will cause you any difficulty, for the reason that no evidence whatever has been offered showing or tending to show that Dr. Smith did treat the plaintiff unskillfully or in any way aggravated her injuries." The latter part of this instruction excluded from the consideration of the jury the allegations made in the complaint by the plaintiff against Dr. Smith. The allegations were in the nature of admissions by the plaintiff, and hence

the court's statement was incorrect. But it was not an error which could have prejudicially affected defendants' case. If the jury found defendants legally responsible for this accident to the plaintiff, they were responsible for the injuries proximately resulting therefrom to her. If she exercised reasonable care in selecting a physician to treat her, and his treatment added to the injuries resulting from the accident, the defendants would be liable for all such injuries from which she suffered as a result of his treatment which had not been materially contributed to by the plaintiff.

In *Flint* v. *Connecticut Hassam Paving Co.*, 92 Conn. 576, 103 Atl. 804, we stated the duty which one personally injured through the negligence of another, owes to the latter, to be to exercise reasonable care in procuring medical advice and treatment, and similar care in effecting a cure. In *Ross* v. *Stamford*, 88 Conn. 260, 263, 91 Atl. 210, we held: "It would seem to be well settled, that where one is injured by the negligence of another, if his damage has not been increased by his own subsequent want of ordinary care, he will be entitled to recover of the wrongdoer to the full extent of the damage, although the physician whom he employed omitted to apply the remedy most approved in similar cases, and by reason thereof the damage of the injured party was not diminished as much as it otherwise would have been."

A similar rule applies where the treatment of the physician has aggravated the injury. The injured plaintiff who has exercised reasonable care in the selection of a physician is not responsible for his unskillful treatment of the case, but may recover from him who is responsible for his primary injury, the damages accruing through an aggravation of the injury by the acts of the physician. *Hooper* v. *Bacon*, 101 Me. 533, 64 Atl. 950; *O'Donnell* v. *Rhode Island Co.*, 28 R. I.

245, 66 Atl. 578; *McGarrahan* v. *New York, N. H. & H. R. Co.,* 171 Mass. 211, 50 N. E. 610; 1 Sedgwick on Damages (9th Ed.) § 221b, p. 418.

The trial court's instruction upon this point was accurate and clear: "Now, it is true, gentlemen, that they are liable only for such condition of the plaintiff's foot as naturally resulted from their negligence. Having been injured, it was the duty of the plaintiff to use ordinary care to cure and restore herself, and if she did all that careful and prudent conduct required in consulting a physician or physicians of good standing and in following their advice, and there was no negligent conduct on her part in this respect, she was not required to do more, and no diminution of damages should be made if some other kind of treatment might have effected a cure." With this instruction before them, we cannot conclude that the verdict of the jury was materially affected by the failure of the court to recall the effect of the allegations of this complaint as evidence tending to prove Dr. Smith's unskillful treatment of the plaintiff.

Reason of appeal twenty-three is for error in admitting in evidence a leading question. By itself a single instance of that kind of a question could not furnish a basis of appeal. Whether the trial judge shall permit the asking of leading questions is within his discretion, and his rulings thereon will stand unless it appears that his discretion has been abused by permitting so many questions of this character as to make it clear that prejudice has resulted from their admission.

Reason of appeal twenty-four is for error in refusing to permit defendants on cross-examination of Dr. Kauffman, who was produced as a witness by the plaintiff, to inquire as to whether the condition of the plaintiff in fainting was not caused by the excitement or

agitation over a dispute she had had with a neighbor. The doctor had already testified that he could not tell the cause of her condition, since she was unconscious when he found her. Later on he testified that excitement and agitation might bring on a fainting spell, but not a dispute with her neighbor which had occurred several days before. If defendants' earlier objection was well taken and the question was improperly excluded, no legal harm has been done, since defendants' persistence secured substantially the evidence which had been earlier excluded.

Of the other reasons of appeal, either in giving or refusing to give certain instructions, or in refusing to correct the finding, it is enough to say they are not well taken.

There is no error.

In this opinion the other judges concurred.