[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 22, 1993, the plaintiff initiated the present medical malpractice action against the defendant John M. McHugh, M.D. The plaintiff seeks damages sustained when he developed an infection in his lower right leg after the defendant treated an ingrown toe nail on the plaintiff's right foot. The plaintiff alleges that the infection was caused by the defendant's negligent care and treatment of the ingrown toe nail. CT Page 9979
The defendant has moved to cite in as defendants for purposes of apportionment under General Statutes § 52-572h(c) the Waterbury Hospital, where the plaintiff was treated for the subsequent infection, and the physicians who treated the plaintiff for the subsequent infection. The defendant asserts by way of the motion to cite in that he has ascertained through discovery that the proposed defendants' care and treatment of the plaintiff for the subsequent infection was not appropriate and was a deviation from the applicable standard of care. The defendant therefore requests that the plaintiff amend his complaint in order to state facts showing the interests of the proposed defendants in the action, in order to properly apportion damages pursuant to General Statutes § 52-572h.
General Statutes § 52-102 provides as follows:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
General Statutes § 52-572h(c) provides the following:
 In negligence action to recover damages resulting from personal injury, . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages."
The plaintiff argues in opposition to the motion to cite in that a defendant is fully liable for the aggravation of a plaintiff's injury caused by the negligent treatment of a physician. Therefore, the plaintiff argues that the defendant's motion to cite in should be denied, because the defendant would CT Page 9980 be solely liable for the aggravation of the plaintiff's injuries caused by negligent treatment.
The rule in Connecticut with respect to subsequent tortfeasors is that "`an injured party can recover from an original tortfeasor for damages caused by the negligence of a doctor in treating the injury which the tortfeasor caused, provided the injured party used reasonable care in selecting the doctor.' Edwards v. Goergen, 256 F.2d 542, 544 (10th Cir.); Restatement, 2 Torts § 457; annot., 100 A.L.R.2d 808, 811."Anderson McPadden, Inc. v. Tunucci, 166 Conn. 584, 596,356 A.2d 873 (1975); see also Wright v. Blakeslee, 102 Conn. 162,167, 128 A. 113 (1925) ("The injured plaintiff who has exercised reasonable care in the selection of a physician is not responsible for his unskillful treatment of the case, but may recover from him who is responsible for his primary injury, the damages accruing through an aggravation of the injury by the acts of the physician."). Although this rule provides that a plaintiff can recover from an initial tortfeasor the amount of the damages attributable to the initial injury and the subsequent aggravation or amplification of the injury resulting from negligent treatment, this the rule does not mandate that a plaintiff sue only the defendant responsible for the primary injury, or that such defendant is to be solely responsible for the entire injury.
In some jurisdictions, the defendant responsible for the primary injury may bring a third party action for indemnification against the negligent doctor for the share of the damages attributable to the doctor's negligent treatment. As noted by the Missouri Supreme Court (en banc) in State ex rel. Tarrasch v.Crow, 622 S.W.2d 928, 932 (Mo. 1981), the rational behind this rule is that
 the action of the initial tortfeasor is deemed to be the proximate cause of the aggravation, and the subsequent negligent medical treatment is not considered to be an insulating intervening cause.
 Although in such cases the initial tortfeasor is held liable for the total injuries to the plaintiff, the courts have held that as against the doctor (i.e., the successive tortfeasor), the initial tortfeasor is not justly chargeable with the damages from the aggravation and is entitled to indemnity or contribution thereof. CT Page 9981
See also annot., A.L.R.3d 639, 641 (1966) and cases cited therein; annot., 72 A.L.R.4th 231, 238-45 (1989).
 [A]n original tortfeasor may be liable not only for the harm which he has himself inflicted, but also for the additional damages resulting from the negligent treatment of the injury by a physician. (See [Restatement, 2 Torts] § 457.) The physician, on the other hand, has played no part in causing the original injury, and will be liable only for the additional harm caused by his own negligence in treatment.
Restatement, 2 Torts § 433A, comment c on subsection (1), p. 435.
However, jurisdictions that have adopted comparative negligence statutes have recognized the right to bring subsequent tortfeasors into the plaintiff's action in order to apportion fault and liability among the initial and subsequent tortfeasors in the plaintiff's action. See Teepak, Inc. v. Learned, 699 P.2d 35,40, 237 Kan. 320 (1985) ("The equitable need for contribution vanishes when one tortfeasor has the statutory right to bring other tortfeasors into the action as defendants and have fault (and liability) proportionally determined.") One court has noted that the majority of courts that have held that the initial tortfeasor had the right of indemnification against the second tortfeasor did so prior to the adoption of comparative negligence or contribution statutes in their jurisdictions. Kemper Nationalv. Smith, 615 A.2d 372, 378-79 (P.A. Super., App. Sess., 1992). The court noted that the decisions allowing indemnification under such circumstances "may thus be construed as an attempt by the courts to provide for the equitable apportionment of liability among multiple tortfeasors." Id., 379.
In Teepak, Inc. v. Learned, supra, 699 P.2d 40, a third party, Blaise, sustained gastrointestinal injuries from eating a defective sausage produced by the plaintiff, Teepak. Teepak settled in a separate product liability action initiated by Blaise against Teepak. Prior to the settlement of Blaise's action, Teepak brought a separate action against the defendant, Doctor Learned, seeking indemnification for a portion of Teepak's liability to Blaise based on Learned's negligent treatment of Blaise's gastrointestinal problem. The court held that Teepak could not bring a third-party action against the doctor seeking post-settlement contribution or indemnification for Learned's CT Page 9982 share of liability caused by the negligent treatment, because under the state's comparative negligence statute, "comparative fault should be determined in one action," and should be apportioned between the defendants in the action. Id., 42, citingAlbertson v[.] Volkswagenwerk Aktiengesellschaft, 634 P.2d 1127,230 Kan. 368 (1988). The court noted that "Teepak could have brought Dr. Learned into the action as a party whose negligence should be compared with that of Teepak." Teepak, Inc. v. Learned, supra, 699 P.2d 40. Under the state's comparative fault system, which required the apportionment of all the responsible parties' fault to be determined in one action, the court held that Teepak could only settle Blaise's claim against Teepak and, therefore, Teepak could not seek contribution from Learned, whose fault was not apportioned or settled in the initial action. Id.
Clearly, Teepak, Inc. v. Learned, supra, 699 P.2d 40, demonstrates that in a jurisdiction where fault or liability is to be apportioned among parties in one action, subsequent tortfeasors (i.e. the physician or medical attendant responsible for subsequent injuries caused by negligent treatment) are to be joined as parties in the injured plaintiff's action against the initial tortfeasor. In Connecticut, pursuant to General Statutes52-572h(c), in order to fully apportion fault, all persons potentially liable for the plaintiff's injuries should be made party defendants to the plaintiff's action. See Woodson v.Bonanza Bus Lines, 11 Conn. L. Rptr. 196, 197 (February 23, 1994, Sylvester, J.); Brozdowski v. Southern Connecticut Gas Co.,7 Conn. L. Rptr. 237, 238 (September 21, 1992, Katz, J.); Pierce v.Delaney, 7 Conn. L. Rptr. 349 (October 12, 1992, Reilly, J.);McKeever v. Papcun, 4 Conn. L. Rptr. 303 (July 19, 1991, Jones, J.). In the present case, the defendant alleges that the proposed defendants are responsible for a share of the plaintiff's injuries, due to the proposed defendants' negligent treatment of the infection allegedly caused by the defendant's negligence. In order to properly apportion fault between all the potentially liable parties, the proposed defendants should be joined as party defendants in the plaintiff's action. "[T]he proper vehicle [for a defendant] to make [a person] a party in the original action for the purpose of apportionment of damages, as provided for in General Statutes § 52-572h(c), is a motion to cite in pursuant to § 52-102, accompanied by an order that the plaintiff amend his complaint to state [the proposed defendant's] interest in the action and to summon him to appear as a defendant." White v. B.J.W. Car Rental, 8 CSCR 565 (May 3, 1993, Sullivan, J.). Accordingly, the defendant's motion to cite in is CT Page 9983 granted, and the plaintiff is ordered to amend his complaint in order to state the proposed defendants' interests in the action and to summon them to appear as defendants.
WEST, J.