Arnold *v.* Lane et al.

---

OWEN B. ARNOLD *vs.* FREDERICK A. LANE ET AL.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is within the discretion of the trial court to decline to receive written requests to charge the jury, if not presented within the time fixed by rule.

There is no presumption of law that the indorsee of a note obtained by fraud knew that fact; and an instruction to that effect, although modified by the statement that the indorsee might rebut such presumption by showing that he purchased the note for value and in due course of business, is erroneous and prejudicial to him.

Statements made by the agents of the payee of a note tending to prove

the fraud by means of which it was obtained, are admissible for that purpose.

Evidence that the payee of a note claimed to have been obtained by fraud attempted to negotiate it at once and offered a large commission for its sale, is also admissible to prove the fraud.

One of several defendants sued as makers of a promissory note, pleaded infancy as a separate and additional defense, which was submitted to the jury as a distinct issue. *Held* that a verdict for the defendants found this issue in favor of said defendant.

Argued June 9th—decided July 26th, 1898.

ACTION to recover the amount of three promissory notes for $1,000 each, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the defendants, and appeal by the plaintiff for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The plaintiff also moved for a new trial for a verdict against evidence, and appealed from the refusal of the trial court to set aside the verdict upon that ground. *Motion denied.*

The case is sufficiently stated in the opinion.

*George A. Fay* and *William L. Bennett,* for the appellant (plaintiff).

*Samuel C. Morehouse,* for the appellees (defendants).

HAMERSLEY, J. After the opening argument was closed and during the argument of counsel for defendants, the plaintiff presented the court with certain written requests to charge; and the court refused to receive them, because not presented within the time fixed by the rule. This action is within the discretion of the trial court; and the errors assigned on account of the refusal of the court to charge as requested, cannot be considered.

The plaintiff claims that the court erred in charging the jury as follows: "In this case the questions are: Was there fraud in these notes? If so, did Arnold take them in bad faith? If fraud is shown in the notes, the law presumes the

holder knew it. The plaintiff must rebut this presumption by showing that he bought for valuable consideration and in due course, for this will show his good faith."

This is clearly wrong. A fraudulent payee would naturally conceal his fraud from a purchaser. Knowledge of fraud in a note offered for sale would naturally induce one to decline the purchase. Certainly the law does not presume such knowledge whenever fraud is shown. *Atlas Nat. Bank* v. *Holm*, 71 Fed. Rep. 489, 492. Possibly the trial judge did not intend the full import of these words; this is indicated by other portions of the charge. A new trial should not be granted for inaccuracy of a single expression, when the charge as a whole is calculated to give the jury a correct view of the law. In this case we can hardly assume that the jury fully apprehended the other statements that inferentially might modify the erroneous language; nor is it quite clear that they are sufficient for that purpose.

There was no question as to the execution of the notes. It was shown that the plaintiff bought them for value and before maturity; paying $2,500 for interest-bearing notes amounting to $2,800 and running one, two and three years. It was shown that they were obtained by a fraud on the part of the payee singularly calculated to prejudice the jury. There was no evidence that the plaintiff had express notice of the fraud. The only substantial question was whether the circumstances connected with the purchase were such as to charge the plaintiff with knowledge of the fraud. And the jury are told by the court, that if fraud is shown in the notes the law presumes the plaintiff knew it. The effect of such a statement upon a jury is patent; and it is not fully remedied by adding that the presumption may be rebutted by the plaintiff's showing that he bought for value and in due course. Proof that he bought for value according to the customs and usages of commercial transaction, was affirmative evidence for the plaintiff, supporting his contention that he purchased without notice, and entitled to its full weight in considering all the testimony bearing on that question. But the jury might well infer that the weight of this

evidence was exhausted, or at least reduced, in rebutting the false presumption. Taking the charge as a whole we cannot escape the belief that the erroneous language was liable to improperly influence the jury against the plaintiff.

Some of the other errors assigned require a brief notice.

The fraud of Reynolds, the payee, consisted in inducing the makers, twenty-nine in number, to form a company for the purchase of a stallion, represented as a French thoroughbred of great value, each to pay $100, payable in three yearly instalments, and to be responsible only for his own share. This was accomplished by means of various false statements, and the members were induced to sign the three notes in suit,—each a joint note for $1,000—under the representation that each was obligating himself to the extent of $100 only, and to give these notes to Reynolds in payment for the stallion, which was in fact comparatively worthless. Upon the trial, as evidence tending to prove this fraud, the defendants offered statements made by persons claimed to have been agents of Reynolds. The court, being satisfied with proof of agency, admitted the statements. The defendants also offered to show that Reynolds tried to secure immediate sale of the notes, offering them at various banks in New Haven and promising a commission of $500 for their negotiation, and the court admitted testimony for that purpose. There was no error in these rulings.

Reynolds deposited $2,000 of the money paid him for the notes by the plaintiff, in a national bank of which the plaintiff was president. This deposit was checked out within three weeks, except a balance of $7.47, which remained for some two years, and after the plaintiff knew the notes held by him were obtained by fraud. The defendants claimed this as evidence of the plaintiff's bad faith, and the plaintiff orally asked the court to charge that the evidence was not relevant. Its relevancy would have been plain, had the balance been a large one. Its insignificancy made its relevancy unimportant, but did not as matter of law destroy it absolutely.

The defendant N. E. Farnham, filed an additional and sep-

arate answer, alleging that at the time the notes were executed he was under twenty-one years of age. This allegation was denied by the plaintiff. The issue thus raised was submitted as a separate issue to the jury by the court. The jury in finding the issue for the defendants, found this issue for the defendant Farnham, and therefore the judgment in his favor must stand.

There is also before us a motion for a new trial for a verdict against evidence, which was argued at the same time as the appeal. The evidence reported does not justify the motion, and it is denied.

There is error in the judgment of the Superior Court as to all the defendants except N. E. Farnham. The judgment is affirmed as to Farnham, and is set aside as to all the other defendants.

In this opinion the other judges concurred.