## HERMAN MILLER *vs.* ELMER M. PIERPONT.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

A savings-bank book, whose authenticity is not challenged, is competent evidence that the amounts credited were in fact deposited; and is admissible in corroboration of the testimony of the depositor to that effect which had already come in without any objection.

In an unsuccessful action for alienating the affections of the plaintiff's wife, the plaintiff contended that the charge of the court had imposed upon him the burden of proving a total, as distinguished from a partial, loss or deprivation of his wife's affection, as a condition precedent to his recovery. *Held* that inasmuch as the parties were agreed that there had been a total loss of affection, and were practically at issue only as to who was responsible for it, the charge in this respect, even if incorrect, could not have been harmful to the appellant.

The main controversy in the present case was whether the defendant, who had employed the plaintiff's wife as a housekeeper, had wrongfully alienated her affections, or whether such condition had been caused by the husband's own conduct, either alone or in connection with his wife's own volition. Under these circumstances the trial court instructed the jury, in substance, that the plaintiff must prove that the defendant "knowingly and intentionally" was the "controlling and effective" cause of the admitted loss of his wife's society and affections. *Held* that this instruction was not open to objection; that while the defendant's conduct need not be the sole cause of the alienation, it must be shown to be the controlling cause.

The plaintiff also complained that the trial court had not instructed the jury that the burden of proving "matters of justification" rested upon the defendant. *Held* that there was no occasion for such a charge, since the defense rested upon and was confined to a general denial of the plaintiff's charge, under which all his evidence was introduced.

From an extract from the charge the appellant inferred that the jury had been told that the plaintiff must prove not only alienation, but also a transfer of his wife's affections to the defendant. *Held* that this inference was unfounded as shown by other portions of the charge.

The jury were instructed that the defendant had a legal right to employ the plaintiff's wife as his housekeeper, and that unless he counseled,

Miller *v.* Pierpont.

aided or advised her, in bad faith, to remain away from the plaintiff, or prevented reconciliation, and by his acts and conduct unlawfully enticed and alienated her affections, the plaintiff could not recover. The appellant contended that this required him to prove both enticement of his wife and alienation of her affections. *Held* that this criticism was not well founded and that of the charge as a whole the appellant had no cause of complaint.

Assignments of error for failure to charge touching matters in respect to which no requests to charge were made, are not well taken, if the charge as a whole is sufficient.

Argued June 5th—decided July 30th, 1913.

ACTION to recover damages for wrongfully depriving the plaintiff of the comfort, society and services of his wife and the loss of her love and affection, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Ulysses G. Church,* with whom was *Emil Hummel,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellee (defendant).

BEACH, J.   There was evidence from which the jury might have found that the defendant, with the plaintiff's consent, employed the plaintiff's wife in May, 1909, as housekeeper, paying her $12 a week; that in March, 1910, she told the defendant, on returning from a visit to her husband, that the latter had accused her of being unfaithful, and ordered her to leave the house and stay away; that thereafter she was afraid to return to and live with her husband, and had since remained in the defendant's employ as housekeeper at her own request; that the defendant had not enticed, persuaded, or advised the wife to remain away from her husband; that the husband was quarrelsome, and had lost the affection of his wife through his own fault; and

that she had brought a suit for divorce against him, on the ground of desertion, before this action was commenced.

The first assignment of error is based on the admission in evidence of a savings-bank book belonging to the wife, showing a number of deposits of sums of money in the Waterbury Savings Bank before and during her employment as the defendant's housekeeper. Mrs. Miller, before the book was offered in evidence, had testified that she was employed by the defendant as housekeeper, and regularly paid $12 a week, a large part of which she had deposited in the Waterbury Savings Bank; and she was allowed, without objection, to identify the book, and to testify that the money deposited in that account was earned at the defendant's home. The evidence having gone thus far without objection, the book itself was logically corroborative of Mrs. Miller's testimony, and the failure to offer it in evidence might have been unfavorably commented on. The objection was, not that the entries were not properly proved, but that the book was a self-serving declaration and remote, and, being thus limited, the objection was properly overruled; for entries in a savings-bank book, whose authenticity is not challenged, are competent evidence that moneys were deposited as credited therein.

The second, third, and fourth assignments of error are as follows:—

2. The court erred in charging: "It is not necessary for him [the plaintiff] to show that there was full affection, if he can show that defendant deprived him of what remains of that affection—deprived him entirely of what remained of that affection between himself and his wife."

3. The court erred in charging: "Plaintiff here claims to have shown that whatever the state of their affections

Miller *v.* Pierpont.

may have been when the wife went away into the employment of Mr. Pierpont, the defendant, that later her affection became entirely alienated from him. Of course, that fact must be proved, and the plaintiff claims to have shown it by proof of the history of the case leading up to the time when the wife brought a [suit for] divorce against him, and her declarations which he says are proven, that she refused altogether to come back and live with him."

4. "The court erred in failing to charge that the plaintiff was entitled to recover in the action under his complaint if he prove that the defendant had wrongfully alienated the affections of his wife, and that it was not necessary for the plaintiff to show that his wife's affections had been entirely alienated, but if he prove that there had been a partial alienation of affections by the defendant from which the plaintiff had suffered damage, he could recover."

The plaintiff complains that by these instructions and omissions the burden was put upon him of proving a total, as distinguished from a partial, deprivation of the wife's affections, as a condition precedent to any recovery. Assuming the charge of the court upon this point was erroneous (a question which we have no occasion to determine), it could not have injured the plaintiff in this case; for the findings show that a total loss, not only of consortium, but of affection also, was claimed by the plaintiff and admitted by the defendant. The plaintiff pointed to the divorce suit and the refusal of the wife to return, and the defendant admitted that the wife's affection was entirely gone, claiming, as appears from the findings, that her affection had been "completely destroyed," and "completely alienated," by the husband's own conduct. The plaintiff cannot have been injured by being required to prove a fact which he asserted and the defendant admitted.

The fourth, seventh, thirteenth, fourteenth, sixteenth, eighteenth, twenty-first, twenty-second, and twenty-third assignments of error are all founded upon the alleged failure of the court to charge in respect of the special matters set forth therein; but, as the plaintiff made no request to charge, and as the charge as a whole is sufficient, these assignments are not well taken. *Arnold* v. *Lane,* 71 Conn. 61, 62, 40 Atl. 921.

The fifth to the thirteenth assignments of error, inclusive, relate to the several portions of the charge in which the jury were told in various forms that the plaintiff must make it appear that the defendant "knowingly and intentionally" was "the controlling and effective" cause of the admitted loss of the wife's society and affection. The principal controversy in the case was whether the defendant had wrongfully brought about this condition, or whether it was caused by the husband's own conduct, either alone or in connection with the wife's own volition. No objection is made to the word "effective" in this connection, but it is said that the additional word "controlling" was erroneous, in that the jury must have understood that they were to determine whether the plaintiff or the defendant was the "controlling cause of the alienation." We see no objection to this part of the charge, either upon the question of knowledge and intent, or upon the question of controlling cause. The defendant's conduct need not be the sole cause of the alienation, but it must appear to be the controlling cause; and if the plaintiff's own conduct was the controlling cause he certainly cannot recover.

The other assignments of error relate to those parts of the charge dealing with what the plaintiff calls matters of justification; the general objection being that the jury were not instructed that the burden of proof, as to these matters, was on the defendant. The defendant,

however, did not admit that he caused the loss of consortium and affection, but denied his responsibility for it altogether, and explained the wife's continued residence in his house by her employment as housekeeper at her own request, and from proper motives on his part. The defendant's evidence was all admitted under a general denial, and so long as the defendant confined his defense to the proof of matters admissible under a general denial, and inconsistent with the allegations of the complaint, he assumed no burden which required him to establish any fact by a preponderance of evidence.

The nineteenth assignment of error is founded on an extract from the charge which, as printed in the record, is grammatically incomplete, and from which the appellant infers that the jury were instructed that the plaintiff must prove not only alienation, but a transfer of his wife's affections to the defendant. But we think that plaintiff's inference from this incomplete fragment of the charge is unfounded, because the jury had already been instructed that "it is not necessary that the plaintiff should have shown to you that defendant has debauched the wife, nor is it necessary that the plaintiff should show that the affection which he claims to have lost has been gained by the defendant." And in connection with the language excepted to in the nineteenth assignment, the court referred back to the above language, saying: "And that, as I have already charged you in other words, is the law."

The twentieth assignment of error is that the court erred in charging that "the defendant had a legal right to employ the wife of the plaintiff as his housekeeper, and unless he counselled, aided, or advised the plaintiff's wife to remain away from the plaintiff in bad faith, or prevented reconciliation, and by his acts and conduct unlawfully enticed and alienated the affections

of the plaintiff's wife, your verdict must be for the defendant."

The objection is that the plaintiff was required to show both enticement of the wife to remain away, and alienation of affections. We think this criticism is largely a matter of punctuation or emphasis, and that if a proper significance be given to the disjunctive prep-·osition, the language in question charges that the plaintiff must prove either a wrongful harboring of the wife's person, or a wrongful interference with and alienation of her affection for her husband. Taking the charge of the court as a whole, the plaintiff has no ground for complaint.

There is no error.

In this opinion the other judges concurred.