—————————

ROBERT ALDRICH *vs.* MARY E. DUGGAN ET AL.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Claims that a verdict is contrary to the law and the evidence, that it is excessive, and that it was induced by errors in the charge and by improper argument of counsel, may all be made in a motion to set it aside, and neither an additional motion in arrest of judgment nor a motion for a new trial is necessary for the presentation of any of them.

The defendants contended that the damage to the front end of their automobile was so slight as to discredit the plaintiff's claim that his car was struck by it and thereby caused to overturn. *Held* that the undisputed physical facts were not so in conflict with the plaintiff's evidence that the jury could not reasonably have based their verdict upon it.

A judge in his charge may, within his sound discretion, comment upon the evidence and express his opinion concerning it, provided all questions of fact are left to the jury without any direction as to how they are to be determined; and the exercise

Aldrich *v.* Duggan.

of such discretion, unless unreasonable, will not be disturbed upon appeal.

To elucidate a question in a case, the judge may, in the charge, properly put before the jury hypothetical instances and supposititious examples of common knowledge and experience; but he may not, as in the present case, relate to them, for illustrative purposes, the facts of an alleged actual occurrence, foreign to the issues, as to which no evidence is offered or could be received, and of which his information is confessedly hearsay.

Argued October 4th—decided November 4th, 1927.

ACTION to recover damages alleged to have been caused by the negligence of the defendant Ellen Connor as the agent of the defendant Duggan, in operating an automobile owned by the latter, brought to the Superior Court in Hartford County and tried to the jury before *Jennings, J.;* verdict and judgment for the . plaintiff, and appeal by the defendants. *Error and new trial ordered.*

*Samuel Campner,* with whom, on the brief, were *Daniel Pouzzner* and *Louis Godfried,* for the appellants (defendants).

*David A. Cronin,* for the appellee (plaintiff).

HINMAN, J.  The defendants, after verdict, filed three separate motions: one in arrest of judgment on the grounds that the judgment was contrary to law and that the court erred in charging the jury in two respects alleged; a motion to set aside the verdict, alleging that it was against the evidence and the law and was excessive, that the jury was prejudiced by a statement in argument of counsel, and the same claimed errors in the charge as alleged in the motion in arrest; and a motion for a new trial, identical in allegations with the motion to set aside the verdict.  The denial of these three motions is made the subject of the first four reasons of appeal.  The motion to set

aside the verdict would have been sufficient for all the purposes sought under any of the motions. 1 Swift's Digest, side pages 774 *et seq.; Hamilton* v. *Pease,* 38 Conn. 115, 120. The defendants, in brief and argument, properly confine their attention to the denial of this motion, specially relying upon their claim that it was against the evidence.

As to this, the principal contention is that the physical facts, especially the condition of the defendant Duggan's automobile after the collision with the plaintiff's car, were such as to preclude a finding that the collision happened in the manner claimed by the plaintiff. The plaintiff, operating an Essex car, was traveling southerly on Orange Street in New Haven; the car owned by the defendant Duggan was a Hudson coach and was traveling westerly on Trumbull Street. The cars collided in the intersection of the two streets and the plaintiff's car turned over on its right side, damaging it considerably and injuring the plaintiff and two passengers in his car. The evidence indicated that the only damage to the defendant Duggan's car was that the front bumper was broken off and the right front fender and front end of the right side of the frame were bent slightly to the left. The defendants argue that this relatively slight damage is so palpably inconsistent with the plaintiff's evidence that the front of defendant's car struck his automobile on the left side with such force as to overturn it, as to discredit that claim, and to conclusively indicate that the overturn was due to a sharp turn at excessive speed on the part of plaintiff's car, or some other cause than the force of collision with the defendant s automobile. However, we are unable to hold, upon all the evidence bearing upon the circumstances of the collision, including the greater weight of the defendant's car, that we have here "the rare case where the physical facts re-

solve the apparent conflict in the evidence by show-
ing that the testimony which created it is . . . untrue
because in conflict with the indisputable physical
facts," and we consider that the jury's conclusion on
this point, as imported by the verdict, could reason-
ably have been reached. *Richard* v. *New York, N. H.
& H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Gianotta*
v. *New York, N. H. & H. R. Co.,* 98 Conn. 743, 120
Atl. 560. Therefore the denial of the motion to set
aside the verdict may not be disturbed by us.

In the course of the charge the court referred to
arguments as having been made on both sides attack-
ing the reasonableness of testimony as to the conduct
of some person with relation to the accident, to the
effect that it was improbable or impossible that any-
one would act in that way, and said: "I am going
to . . . comment very briefly on that, the point of
my comment being that if everybody acted in a per-
fectly reasonable way all the while we would not have
any accidents. That is, of course, obvious. I had
such a striking illustration of it last night that I want
to just mention it because I think it very aptly shows
the fallacy of that argument in many cases, although
it is perfectly proper argument to make." The court
then related the instance of an acquaintance who was
killed while crossing a much-traveled highway. The
man was entirely familiar with the situation and its
dangers, through having occasion to cross many times
daily, and had the reputation, among his fellow em-
ployees, of being extremely cautious; on the morning
in question he got out of an automobile with three or
four other men on his way to work, extended his arms
and restrained the other men from crossing until a car
had passed, and then, without looking further, himself
stepped in the way of a second car. "Now, of course,
that was a lapse; he had a lapse in his carefulness and

that lapse coincided with the arrival of the other car and it was fatal to this man. I am using that illustration to point out what I think the explanation of most of these accidents is. As I say, if people acted in a perfectly reasonable and careful manner we would not have any, but the fact is that when they . . . get in the face of an emergency, they lose their heads and do not act in a perfectly reasonable manner."

The defendants make this portion of the charge a ground of appeal, contending that therein the court exceeded the bounds of legitimate comment. The extent to which the trial judge may discuss and comment upon the evidence and express an opinion thereon, and on the claims of counsel, is generally a matter to be determined by the exercise by him of a sound discretion, provided all questions of fact are left to the jury without any direction as to how the facts are to be determined. We will not overturn his exercise of discretion unless it is unreasonable. *Banks* v. *Connecticut Ry. & Ltg. Co.,* 79 Conn. 116, 122, 64 Atl. 14; *State* v. *Alderman,* 83 Conn. 597, 78 Atl. 331; *Smith* v. *Hausdorf,* 92 Conn. 579, 581, 103 Atl. 929. A proper illustration by the court fitly exemplifying a weakness or fallacy inherent in claims made would not, necessarily, transgress the bounds of permissible comment. Hypothetical instances and supposititious examples of common knowledge are often usefully employed for the purpose of elucidating, in the minds of the jury, a question in the case or a point in the court's comment, and their proper use is not to be condemned or discouraged. The illustration used was not, as the defendants claim, inappropriate to the point to which the comment was directed, viz., that the unreasonableness or improbability of conduct is not to be regarded as an infallible or conclusive test of credibility of testimony as to its occurrence, because of the

lapses of vigilance or other element of reasonable care to which persons ordinarily cautious are sometimes subject, especially in sudden emergencies. The fault lies in the nature of the illustration employed. Here the court resorted to and placed before the jury a recital of the facts of an alleged actual occurrence, foreign to the issues of the case, as to which no evidence had been offered or could be received, and of which the court's information was confessedly hearsay; the line of reasoning naturally indicated thereby in the minds of the jury would be that this usually excessively cautious man acted unreasonably on the occasion which caused his death, hence evidence relating to the collision under inquiry, of conduct which under ordinary circumstances would be regarded as improbable or unreasonable, is not for that reason to be disbelieved or rejected, since this man, although customarily careful, on this occasion conducted himself in an unreasonable or improbable manner. We are unable to justify as permissible, within the court's discretion, such an importation into the case of facts not in evidence, nor in issue nor relevant to the issues, even though it be merely for purposes of illustration. The situation is somewhat suggestive, by analogy, of the familiar rules excluding evidence as to the care taken by other persons similarly situated or by the same person on other occasions. *Barker* v. *Lewis Storage & Transfer Co.,* 79 Conn. 342, 65 Atl. 143; *Ross* v. *Stamford,* 88 Conn. 260, 262, 91 Atl. 201, and cases cited. In this respect the charge was erroneous.

The subject-matter of the only two requests to charge, refusal of which is now complained of, was sufficiently covered in the charge as given. As to the final assignment of error, relating to argument of plaintiff's counsel, the incident as set forth in the finding, to which our consideration must be confined, discloses

no occasion for interference by the trial court or probable prejudice accruing therefrom to the defendants.

There is error in the charge as above stated, and a new trial is ordered.

In this opinion the other judges concurred.