STARR GIDDINGS, ADMINISTRATOR, (ESTATE OF WILLIAM GIDDINGS) *vs.* EDWARD A. HONAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 5th—decided March 8th, 1932.

*John H. Cassidy,* with whom, on the brief, was *W. T. Keavney, Jr.,* for the appellant (plaintiff).

*Samuel A. Herman* and *Lester W. Schaefer,* for the appellee (defendant).

HINMAN, J. On the evening of August 2d, 1930, Thomas Honan, son of the defendant, drove the defendant's automobile, having with him as a guest William Giddings, to Bantam Lake where they visited a dance hall and each had two drinks of liquor from a bottle which was passed around by friends of Honan. At about eleven o'clock they started for Waterbury where Honan had an engagement. Two men who soon afterward drove in the same direction came upon the

defendant's car standing in the middle of the road on Morris Hill, its windshield broken, the fenders bent, and the body scratched as if the car had rolled over, and the left front tire was flat. Honan was lying partly over the hood of the car and Giddings by the side of the road, both in an unconscious condition. They were taken to the Waterbury Hospital where Giddings died without regaining consciousness, and Honan remained unconscious until the following morning. Other evidence appearing in the finding is referred to hereafter.

The assignments of error are based principally upon the failure of the trial court to charge in three specified particulars and to comment upon certain phases of the evidence. The plaintiff filed no requests and if the charge as a whole is correct in law and sufficient to guide the jury in deciding the issues, error cannot be predicated upon the omissions complained of. *Miller* v. *Pierpont,* 87 Conn. 406, 410, 87 Atl. 785; *Morosini* v. *Davis,* 110 Conn. 358, 364, 148 Atl. 371. Clearly the plaintiff was not entitled to the claimed instruction that the operator of the car knew or ought to have known what facts occurred just prior to the accident and what caused the accident, and the fact that when called as a witness he testified that he did not know what happened or what caused the accident raised a presumption that he was heedless and reckless in the operation of the automobile. Also, there was no error in not charging that the most reasonable inference from the evidence of the driver concerning his recollection as to the events preceding and attending the accident and his admission as to having previously taken two drinks was that he was under the influence of liquor. The court charged that the fact that he had taken the drinks did not, of itself, justify the jury in finding that he was driving heedlessly and with-

out regard to the rights of the decedent, but was to be taken into consideration, in determining that issue, along with the other circumstances and any reasonable inferences as to the effect that the liquor may have had upon him. This, with the general reference made to the testimony and the claims of counsel, leaving the weight thereof and the decision of the ultimate issue as to manner of operation to the jury, was sufficient under the circumstances.

It is claimed, also, that the factual situation presented by the evidence was such as to render the doctrine of *res ipsa loquitur* applicable and that the jury should have been instructed "that there was an inference of negligence on the part of the defendant that [he] was liable unless he explained or rebutted the inference by satisfactory evidence." This claim appears, from the record, to have been made for the first time in this court, and the circumstances were not such as to require instruction on that subject without a request. These considerations are sufficient to absolve the trial court from harmful error in failing to so charge. *Schiesel* v. *Poli Realty Co.*, 108 Conn. 115, 123, 142 Atl. 812. Moreover, in order to render the doctrine applicable in such a case as this, of which reckless operation of an automobile is the ground of action, the accident must be one which ordinarily could not happen except through fault in the operation of the car. Here it was undisputed that, after the accident, the left front tire was found to have blown out, and it is a well-known physical fact that a deflated tire may readily cause such an accident as happened in the present case. Therefore, the possible or probable causes were not all so within the control of the driver as to bring the rule into operation. *Klein* v. *Beeten*, 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237 (and note, p. 1240); *Linden* v. *Miller*, 172 Wis. 20,

177 N. W. 909, 12 A. L. R. 665; *Williams* v. *Holbrook,* 216 Mass. 239, 103 N. E. 633. See also *Schiesel* v. *Poli Realty Co., supra; Ruerat* v. *Stevens,* 113 Conn. 333, 336, 155 Atl. 219; 1 Shearman & Redfield on Negligence (6th Ed.) § 58b.

Complaint is also made that the court failed to comment upon claimed defects in the recollection of the driver as to occurrences during the drive immediately preceding the accident and concerning the cause of the accident itself. The finding shows that this witness testified to conversation had with plaintiff's decedent and the subject thereof and that he recalled passing an intersecting road, and there is no suggestion in the finding that there were any unusual incidents preceding the accident which it might be claimed the driver should have noted and recalled. Especially in view of the further fact that his injuries rendered him unconscious for hours, we cannot say that there was such a significant failure of memory as to require emphasis in the charge. As to this and other criticisms relating to comment by the court, there was no reversible abuse of reasonable discretion as to the extent to which the facts shall be commented upon in the charge. *Aldrich* v. *Duggan,* 107 Conn. 17, 21, 139 Atl. 270.

We find no harmful error in the charge; none of the requested corrections of the finding which could be granted would materially affect decision upon the assignments of error; the only ruling on evidence which is made ground of appeal was correct.

There is no error.

In this opinion the other judges concurred.