WILLIAM ANDREW KIRCHBERGER, Plaintiff and Appellee, *v.* CHARLES B. GOVER, Defendant and Appellant.

No. 11206. Argued June 1, 1954.—Decided July 12, 1954.

852

*M. A. García del Rosario* for appellant. *Géigel & Silva* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

This appeal involves a claim for damages in which it is substantially alleged that on August 25, 1947, about 11 p.m., plaintiff's car was parked in front of his residence at the place known as Caserío San Patricio, in Río Piedras, and that it was negligently struck by defendant's private car. The complaint alleges that the car was operated by Santos Cruz Ortiz, "then an agent or employee and within the con-

trol of the defendant, who was seated at the time of the accident next to the driver, Santos Cruz Ortiz." The damages allegedly sustained by plaintiff are enumerated. In his answer, the defendant admits the fact of the collision, but denies that it was caused by defendant's negligence, alleging on the contrary that the sole cause of the accident was plaintiff's negligence in parking his car on a busy public thoroughfare, at 11 p. m., without any lights. Defendant next alleged that Santos Cruz Ortiz was not his agent or employee, and that when the accident occurred Santos Cruz Ortiz, "without a license, permit, or authorization and against defendant's will, took possession of the automobile, and that, notwithstanding the steps taken by defendant, he could not prevent Santos Cruz Ortiz from starting the car."

At the hearing of the case on the merits, plaintiff presented as his only witness Dámaso Pérez, whose testimony was confined to the damages sustained by plaintiff's car and the cost or amount of the repairs made by the witness. As respects the question of negligence and liability for the cause of the accident, plaintiff merely referred to a stipulation made by both parties at the pre-trial hearing, which reads as follows:

"That on August 25, 1947, about 11 p. m., a Pontiac automobile bearing license plate No. 101–527 of the State of Virginia, was parked in front of plaintiff's residence to the right of 'L' Street in Caserío San Patricio; that the car was parked close to the sidewalk in front of plaintiff's house; that the car was left there the whole night without any lights; that, while thus parked, the car was struck on the left fore part by defendant Charles B. Gover's car; that the Pontiac automobile above described was on the date of the accident plaintiff Kirchberger's property."

In order to establish the alleged agency of Santos Cruz Ortiz, plaintiff, who did not appear personally as a witness, introduced in evidence a document containing his answers to an interrogatory submitted to him by the defendant. In

one of those answers, plaintiff stated that he was informed by the defendant that Santos Cruz Ortiz was an agent or employee and within the control of the defendant. After plaintiff's evidence was heard, the defendant moved for nonsuit but the motion was dismissed. Thereupon the defendant abstained from presenting any evidence, and the San Juan Part of the Superior Court rendered judgment sustaining the complaint. The defendant appealed from that judgment to this Court.

The evidence offered by plaintiff was insufficient to establish a valid claim against the defendant, and therefore the lower court erred in dismissing the motion of nonsuit and in rendering judgment sustaining the complaint. Let us consider first the sufficiency of the evidence presented by plaintiff seeking to establish that Santos Cruz Ortiz was driving the car as an agent or employee of the defendant at the time of the accident. Since we are here concerned with a motor vehicle devoted to the private use of its owner, defendant herein, it was incumbent upon plaintiff to prove that the driver was an employee or agent of the defendant acting within the scope of the terms of his contract of work. *Cf. Díaz* v. *Iturregui*, 72 P.R.R. 191. As has been seen, in support of such allegation plaintiff merely offered in evidence a document containing his own answers to an interrogatory previously submitted by the defendant, wherein plaintiff states that he was informed by the defendant that Santos Cruz Ortiz was his agent or employee, or within his control. Plaintiff did not appear at the trial or testify as witness that the defendant made any such admission. He merely presented a document containing a statement written by plaintiff himself. Such answers committed to writing by plaintiff, in the documentary form in which it was submitted to the court, was a self-serving declaration. Of course, plaintiff could have testified on an admission made to him by the defendant. But plaintiff herein did not testify as a witness, but offered in evidence a self-serving

declaration previously committed to writing. Such a statement was inadmissible and could not serve as an adequate basis for a conclusion as respects the agency required of Santos Cruz Ortiz. The answers to an interrogatory given by a party may be presented in evidence by the other party, if adverse to the giving party, but if such answers are self-serving they are inadmissible. A plaintiff is barred from presenting in evidence his own answers to defendant's interrogatory if such answers are self-serving. *Lobel* v. *American Airlines, Inc.,* 192 F. 2d 217, 221; *Bailey* v. *New England Mut. Life Ins. Co. of Boston,* 1 Fed. Rules Decisions 494; *Town of River Junction* v. *Maryland Casualty Co.,* 110 F. 2d 278, certiorari denied in 310 U. S. 634; *United States* v. *Smith,* 1951, 95 Fed. Supp. 692; 4 Moore's Federal Practice 2341, § 33.29, 2d ed. This rule is predicated essentially on the fact that the defendant had no opportunity to cross-examine plaintiff on the matter comprised in the answer to the interrogatory.

 Regarding plaintiff's contention that the accident was due to defendant's negligence, the only probatory basis offered by plaintiff was the stipulation in question, in which it is merely set forth that plaintiff's car was parked in front of his residence at 11 o'clock, without any lights, and was there struck by defendant's car. The San Juan Court evidently reached the conclusion that such a state of facts gave rise to a presumption of negligence, predicated on the application of the *res ipsa loquitur* doctrine. The majority rule in the United States is that the *res ipsa loquitur* doctrine applies where the fact of collision with a standing automobile gives rise to a presumption of negligence Annotation in 151 A.L.R. 890; 5 Am. Jur., 1953 Supp., p. 191; 9 (2) Blashfield, *Cyclopedia of Automobile Law* 311, § 6045, perm. ed. See, also, *Román* v. *Mueblería Central,* 72 P.R.R. 320, 324, in which the *res ipsa loquitur* doctrine is held to apply to a collision with a duly parked car with the lights on. However, that doctrine is not applicable and

there is no presumption of negligence when the facts show that there is some other probable cause of the accident, from which it may be inferred that there was no negligence, or where the evidence is compatible with the absence of negligence. *Cintrón* v. *A. Roig, Sucrs.*, 74 P.R.R. 957, 966–7. In the case at bar, the stipulation of the parties discloses that the vehicle in question was without lights. Without specifically deciding, and in view of the circumstances of this case, that such fact suggests the absence of liability on the part of the defendant, the fact that the lights of plaintiff's car were out is, however, sufficient to establish the presumption that the sole cause of the accident was not defendant's alleged negligence, and therefore the *res ipsa loquitur* doctrine does not apply. Incidentally, in *Román* v. *Mueblería Central, supra*, the lights of the parked car were on.

■ Furthermore, it must appear that the probable cause of the accident was within the control of the defendant in order to give rise to a presumption of negligence, predicated on the rule of *res ipsa loquitur*. 5 Am. Jur. 839; *Giddings* v. *Honan*, 159 Atl. 271; *Héctor Const. Co.* v. *Butler*, 260 N. W. 496; 38 Am. Jur. 996, 997. Considering particularly the fact that in the instant case it was not satisfactorily established that Santos Cruz Ortiz was at the time of the accident an employee or agent of the defendant acting in accordance with the terms of a contract of work, the prerequisite of control of the instrumentality on the part of the defendant is lacking, and therefore the *res ipsa loquitur* doctrine is inapplicable.

The judgment appealed from will be reversed and the case remanded to the San Juan Court with instructions to render judgment dismissing the complaint, with other pronouncements not inconsistent with this opinion.[1]

Mr. Justice Belaval concurs in the result.

---

[1] After the presentation of his evidence, plaintiff closed his case urging the court to admit in evidence the document containing the interrogatory submitted to him which was annexed to the record. Thereupon the court

said: "The other party." Defendant did not forthwith raise any specific and express objection to the document, but moved for nonsuit alleging, in part, that the answers to the interrogatory were inadmissible on the ground that they were self-serving. The motion of nonsuit was dismissed and, therefore, it was not until then that the court passed upon the admissibility of the document. In view of those circumstances, peculiar to this case, there was no need to forthwith formulate specific objection, since the motion of nonsuit was practically tantamount to an objection.