DOROTHY R. BUELL *v*. E. J. BROOKS ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 114922
AT NEW HAVEN

Memorandum filed January 14, 1969

*Joseph J. McGuinness,* of Guilford, for the plaintiff.

*Frank J. Marlowe,* of Guilford, for the defendants.

PARSKEY, J. This is the story of the eternal triangle with the added curlicue of the May-September relationship between the husband and the other woman. Despite the presence of the regular cast the role of the other woman is not too clear. The court is satisfied that the plaintiff is a fine woman, for aught that appears completely innocent of any activity which would justify a breakup of her marriage. The court is further satisfied that in this case the other woman cheerfully accepted the situation in which she found herself. What is not clear is whether she knowingly and intentionally was the controlling and effective cause of the loss of the husband's society and affection. *Miller* v. *Pierpont,* 87 Conn. 406, 410. The plaintiff, understandably, casts this defendant, age twenty, in the role of the femme fatale imposing her will on the plaintiff's hapless husband. If prior to 1967, the year of involvement, the marriage had indeed been as happy as the plaintiff suggests, her casting would be appropriate. But the plaintiff in her separation complaint alleged, and the court, after hearing the

plaintiff, found, that her husband since 1961 had committed acts of intolerable cruelty sufficient to justify a divorce. Furthermore, the court is persuaded that the husband's role was far from passive. Whatever the excuses and explanations the plaintiff received from him, it is clear from the evidence that he had a mind of his own and that he was determined to sever his marital relationship with the plaintiff and to marry her alleged competitor. Under these circumstances, the plaintiff has not sustained her burden of satisfying the court that her claimed competitor alienated the affections of the plaintiff's husband and caused the plaintiff a loss of his consortium.

Although the court's finding with respect to the other woman also disposes of the case against her parents, an additional word would be advisable. In this case the parents are charged, not with participating in activities designed to produce an alienation, but rather with the failure to exercise control over the activities of their daughter. While it is true that parents have the responsibility to exercise a certain degree of control over their minor children, it is inconceivable that the law would impose upon parents the duty to immunize a twenty-year-old daughter against the infection of an affaire d'amour. Especially in an age of transplants, the shackles which restrain the body still leave the heart free to roam. To expect parents to vacuum-pack a mature daughter is to expect the impossible.

Judgment may enter for the defendants.