ISABELLE M. ROSS vs. THE CITY OF STAMFORD.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In an action against a city to recover damages for personal injuries caused by a fall upon an icy sidewalk, evidence that the walk was icy and slippery at some indefinite and uncertain time is not admissible, since in this climate such conditions are by no means constant, but frequently change from day to day.

As a general rule negligence upon a particular occasion cannot be proved by showing negligence upon other occasions.

Evidence that one injured through the negligence of another did not receive the most approved medical or surgical treatment, is not admissible for the purpose of reducing damages.

It is not error for the trial court to decline to correct the finding by incorporating therein an immaterial fact.

When the same ruling as to the same subject-matter is repeatedly made during the examination of one or more witnesses, the finding should ordinarily contain a single ruling only.

An appellant, although successful in this court, is not entitled to costs in his favor for printing all the evidence and rulings of the court below, most of which was unnecessary.

Argued April 23d—decided June 10th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in allowing ice and snow to accumulate on a sidewalk whereby it was rendered unsafe for public use and travel, brought to the Court of Common Pleas in

Fairfield County and tried to the jury before *Wilder, Acting-Judge;* verdict and judgment for the plaintiff for $2,000, and appeal by the defendant. *Error and new trial ordered.*

*Adelbert A. Skeel,* for the appellant (defendant).

*George P. Rowell,* for the appellee (plaintiff).

RORABACK, J. Three assignments of error relate to rulings upon evidence, and another that the trial court failed to find as requested.

It is alleged in the complaint that on January 7th, 1912, the plaintiff, when in the exercise of due care, stepped on an accumulation of snow and ice upon the sidewalk of the city of Stamford, and was greatly damaged and injured. This allegation was denied, so that one of the controlling questions in issue was whether the sidewalk in question was slippery and icy at the time and place alleged in the complaint.

Two witnesses called by the plaintiff, upon their direct examination were allowed, against the objection of the defendant, to testify that the sidewalk in question was icy and slippery, without specifying any definite time.

This was error. This court has said: "It is conceded that in this rigorous climate the duty of cities and towns in respect to snow and ice is and must be very limited." *Congdon* v. *Norwich,* 37 Conn. 414, 419. Snow and ice do not create a continuous and permanent obstruction to a sidewalk in this section of the country. They disappear many times suddenly, and a defect of this character of today may be removed before tomorrow by the action of the weather.

The plaintiff had the right to show all the facts and circumstances surrounding and connected with the accident in question. But she had no right to show

facts and circumstances which may have been connected with the condition of this walk at a remote or uncertain time or occasion. Such evidence had a tendency to raise collateral issues, to the inevitable prolongation of the trial and the probable confusion of the jury. That which these witnesses saw at such times cannot properly be said to be facts connected with the accident which happened to the plaintiff.

As a general rule, one's negligence on a particular occasion cannot be proved by showing his negligence on other occasions, nor can his freedom from negligence on one occasion be shown by proof of his due care on other occasions. Our reports furnish numerous illustrations of the application of this principle. *Morris* v. *East Haven*, 41 Conn. 252, 254; *State* v. *Goetz*, 83 Conn. 437, 440, 76 Atl. 1000; *Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 286, 37 Atl. 683; *Tiesler* v. *Norwich*, 73 Conn. 199, 203, 47 Atl. 161; *Gilmore* v. *American Tube & Stamping Co.*, 79 Conn. 498, 504, 66 Atl. 4. These are instances where an act of negligence, or the reverse, was sought to be inferred from other acts of negligence or non-negligence. *Moffitt* v. *Connecticut Co.*, 86 Conn. 527, 529, 86 Atl. 16.

The plaintiff offered evidence tending to prove that shortly after she was injured she consulted one Rowell, her family physician and a doctor of extensive experience, who, on account of the serious nature of the injury, referred her to Dr. Biggs, an expert surgeon. Evidence was also offered by the plaintiff as to the nature, extent, and permanency of her injuries.

The defendant offered in chief the testimony of a physician and surgeon who was conceded to be an expert. This doctor testified that he had made a physical examination of the plaintiff on behalf of the defendant, and he then described the condition of her injuries. He was then asked the following questions:

"Q. What was the usual custom among physicians in Stamford in January, 1912, as to using anesthesia and X-ray examinations for fractures of this character? . . . Q. I will ask you, Doctor, what the proper treatment for such an injury as this would have been, in your opinion?" On objection these questions were excluded.

These objections were well-taken, and the evidence properly excluded. This evidence was not offered for the purpose of showing that the plaintiff had not used due diligence to obtain proper medical treatment, but it was claimed as tending to diminish the damages, and therefore not admissible. It would seem to be well settled, that where one is injured by the negligence of another, if his damage has not been increased by his own subsequent want of ordinary care, he will be entitled to recover of the wrongdoer to the full extent of the damage, although the physician whom he employed omitted to apply the remedy most approved in similar cases, and by reason thereof the damage of the injured party was not diminished as much as it otherwise would have been. *Loeser* v. *Humphrey*, 41 Ohio St. 378; *Eastman* v. *Sanborn*, 85 Mass. (3 Allen) 594; *McGarrahan* v. *New York, N. H. & H. R. Co.*, 171 Mass. 211, 50 N. E. 610.

In *Lyons* v. *Erie Ry. Co.*, 57 N. Y. 489, it was held, in an action to recover damages for injuries alleged to have been sustained by defendant's negligence, where the defendant had given evidence tending to show that exercise taken by plaintiff might have tended to retard recovery, and that quiet would have been better, that evidence that plaintiff was advised by his physician that it was right and beneficial to exercise was proper. The court said (p. 491): "He is bound to use ordinary care to cure and restore himself. He cannot recklessly enhance his injury and charge it to another. If his arm be broken he cannot omit to have it set, and charge

the loss of the arm to the wrong-doer.  He is not obliged to employ the most skillful surgeon that can be found, or resort to the greatest expense to ward off the consequence of an injury which another has inflicted upon him.  He is bound to act in good faith and to resort to such means and adopt such methods reasonably within his reach as will make his damage as small as he can."

The defendant assigns as error that the trial court failed to find as requested in paragraph two of the draft-finding.  If the finding had been corrected by the trial court as the defendant claimed, it would have given no better understanding of the character of the testimony, which we have found was improperly admitted.  The omission from the finding of certain facts which, if included, would not affect the correctness of the rulings made, is not a ground of error.  *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 611, 612, 42 Atl. 667.

Two errors assigned are that the court erred in admitting the testimony of two certain witnesses over the objection of the defendant as set forth in certain paragraphs and subdivisions of the finding.

An examination of the finding discloses that in each instance the testimony was by the same witness and as to the same subject-matter.  In substance, they were the same rulings made at different times.  "When the same ruling is made at different times, either with respect to the same or different witnesses, the finding should contain only a single ruling, unless the other rulings may be important as further illustrating the rule which determined the action of the court, or as establishing the materiality of the error claimed." Practice Book (1908) p. 267, § 5.

All the evidence and rulings of the court, comprising about one hundred and thirty pages, have been printed and made a part of the record upon the defendant's

motion. As we have already indicated, there was no good excuse for burdening the record with all the evidence which is now before us. Therefore no costs in favor of the defendant will be taxed for the printing of the evidence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.