LYDIA C. FLINT *vs.* THE CONNECTICUT HASSAM PAVING COMPANY.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The duty which one personally injured through the negligence of another, owes to the latter, is not merely to act in good faith in procuring medical advice and treatment—as the jury were instructed in the present case—, but the exercise of ordinary care in efforts to effect a cure. Such an instruction is harmless, however, if it appears that the plaintiff did all that careful and prudent conduct required in consulting a physician of good standing and in following his advice as to treatment.

The trial court excluded a question as to whether the street at the place of the accident was unlighted on other nights than the one on which the plaintiff was injured. *Held* that so far as appeared from the record this ruling was correct, the condition of the highway as to lights on other evenings not being material; and that a similar inquiry was properly excluded with respect to the conditions of lights between the date of the injury and the time of the trial.

Rulings upon questions of evidence resting in the discretion of the trial court, even if erroneous, cannot be made the ground for a new trial.

Argued April 9th—decided May 28th, 1918.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Reed, J.;* verdict

and judgment for the plaintiff for $1,500, and appeal. by the defendant. *No error.*

*Seymour C. Loomis,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

SHUMWAY, J. The claimed error of the court in the charge to the jury is contained in the following paragraph taken from the charge, where the court was dealing with the question of damages: "In arriving at the amount of your verdict you should make no deductions on any theory that she [the plaintiff] might have been cured earlier by different treatment. For, if you find that she, in good faith, employed such medical aid as she thought suitable and endeavored to cure herself, it makes no difference whether she used the best methods in such endeavor to cure herself or not. She should not suffer anything or any loss, even if you come to the conclusion that another kind of medical treatment might have effected a cure."

The plaintiff on the trial had offered evidence that she had sustained injuries which were permanent; that as soon as possible after the infliction of her injury she had procured medical treatment from a physician and surgeon in good standing and long experience, and that she had followed his advice and taken his treatment. The defendant offered evidence that the "plaintiff did not act with reasonable care endeavoring to cure herself of her injuries, but that had she received proper treatment she would have recovered much sooner."

It is contended by the defendant that the court should have left to the jury, as a question of fact, whether the plaintiff had exercised ordinary care in her efforts to effect a cure. It is true that it was the duty of the plaintiff to use ordinary care to cure and restore

herself, and that reckless or negligent conduct on her part, if thereby her injuries were enhanced, cannot be charged to the defendant. The charge was erroneous but harmless. It does not appear that the defendant requested the court to give the jury any instructions upon this question, nor does it appear what act of omission or commission on the part of the plaintiff by which her cure was retarded, was imprudent or negligent, but, on the contrary, it does appear that she did do all that careful and prudent conduct required in consulting a physician of good standing and following his advice as to treatment. It does not seem that the jury could have been misled by the charge, though as an abstract proposition it is the law that it was not a question of good faith on the part of the plaintiff, but one of ordinary care. But the court correctly informed the jury that no diminution of damages should be made if some other "kind of medical treatment might have effected a cure," that is, always upon the condition that the plaintiff exercised ordinary care in selecting a physician and the treatment she was to follow.

There are, in the reasons of appeal, five alleged errors of the court in admitting and excluding evidence. It appears that one of the questions in the case was whether the street, when the plaintiff received her injuries, was properly lighted, and the witness Rees was asked if on other nights than the one on which the plaintiff was injured he had seen the street unlighted. This question was properly excluded, as the condition of the highway as to lights on other evenings was not material, so far as appears by the record. The question asked of the witness Sucher does not appear to be material. Sucher was superintendent of gas distribution in New Haven, and he was asked whether or not there had been any perceptible difference in the light from October 17th, 1916, up to the present time.

This question was properly excluded, as the condition of the light during the interval between the date of the injuries, October 17th, 1916, and the time of the trial, November, 1917, does not appear to be in any manner material. The questions ruled in during the cross-examination of the witnesses Harriet M. Bradley, Nicholas Patiano, and Frederick F. Budd, were questions the admission of which was in the discretion of the court. The ruling does not appear to be erroneous, but if erroneous cannot be made the ground for a new trial.

There is no error.

In this opinion the other judges concurred.