## SALVATORE DIBERNADO *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, March Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

Under a motion to set aside a verdict as "against the evidence," the mover may urge, as a reason, the inadequacy of the damages awarded by the jury; and under § 5840 may appeal from the trial court's denial of his motion.

A claim of $375 for injuries to a horse and wagon, is not established by evidence that the plaintiff paid $300 for the horse and $175 for the wagon four years before the date of the accident, and that thereafter he sold the horse, wagon and harness for $100, it being apparent that in the absence of evidence as to their reasonable worth at or near the time of the accident, the jury were practically left to surmise or conjecture the amount of this loss.

Evidence concerning the profits earned by the plaintiff in his ice and other business prior to the date of his injury, is relevant merely as tending to prove his earning capacity during the period that he was unable to work or that his working capacity was diminished, and is not a conclusive measure of the amount of his loss where there is other evidence that he was still capable of earning some income.

Comments in the charge upon the weight of the testimony and its intrinsic credibility reviewed, and *held* not to have exceeded the bounds of reasonable and permissible expressions of opinion upon the evidence.

Argued March 5th—decided March 31st, 1924.

ACTION to recover damages for injuries to the person and property of the plaintiff, caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Webb, J.;* verdict and judgment for the plaintiff for $1,750, and from the refusal of the trial court, on motion of the plaintiff, to set this judgment aside for the inadequacy of the damages awarded, the plaintiff appealed. *No error.*

*Jacob Berman,* for appellant (plaintiff).

*Joseph F. Berry,* for appellee (defendant).

CURTIS, J.   In this action there was no controversy that the defendant was liable for all injury to the person and property of the plaintiff caused by a collision of a trolley-car of the defendant with a horse and wagon of the plaintiff while being driven by him.

The plaintiff, deeming that the damages awarded were inadequate under the evidence, moved that the verdict be set aside as against the evidence, and upon the denial of the motion appealed from such action of the court.   He stated, as his ground of appeal, that the court "erred in denying the plaintiff's motion to set aside the verdict and grant a new trial, on the ground that the verdict was against the evidence, the weight of the evidence, and contrary to the law of the case." The defendant claimed that since the verdict was for the plaintiff, this was an insufficient ground of appeal, because he did not state his claim that the verdict was for an inadequate amount.   The statement of the plaintiff's ground of appeal was sufficient.   Under General Statutes, § 5840, a motion that the verdict be set aside as "against the evidence" is sufficient, whether based on a claim of the inadequacy of the amount of a verdict, or that the verdict was in favor of the wrong party.   The procedure in an appeal for granting a similar motion in *McCann* v. *McGuire,* 83 Conn. 445, 76 Atl. 1003, was in accord with the above statement.   See Records and Briefs, Third District, June Term, 1910.

The plaintiff claimed that the amount of the verdict was so inadequate as to be against the evidence.   He claimed to have proved on the trial that he had reasonably expended in the care of his injuries at a hospital $113 and in the employ of a physician $140, and also

in the repair of the wagon $73.75. As to these claims the defendant did not seriously object. The parties were in serious controversy as to a proper allowance for pain and suffering, for the injuries to the horse and wagon, and as to a proper allowance for loss of earning capacity. As to the horse and wagon, the plaintiff offered no evidence as to their reasonable value before this collision at or near the time of the injury. He testified that four years before, he paid $300 for the horse and $175 for the wagon, and used them as a retail ice dealer and as an expressman thereafter, and that the collision made the horse shy of city conditions and injured the wagon, and that he sold the horse, wagon and harness for $100. Under this state of the evidence he claims that his damage therefrom was about $375. It seems apparent that under the evidence the jury were left almost to conjecture as to this loss.

The plaintiff claims that under the evidence the jury reasonably must find that the plaintiff was totally incapacitated from working from May 12th until about December 1st, 1923, and that ordinarily during this period he was engaged in the ice business, earning profits of about $100 per week. The defendant claimed that the evidence showed that his total incapacity was for a much shorter period, and that the jury could reasonably have found that he was capable of earning an income by doing mental work and some physical work shortly after he left the hospital on June 11th and thereafter; and that by the sale of his outfit and abandonment of his ice business he destroyed an opportunity to diminish his loss of earnings, by continuing the business by the use of hired help under his own supervision, and that he was able to render services elsewhere and so diminish his claimed loss of earnings. A review of the evidence discloses that

the jury could reasonably have found that just compensation for loss of earning capacity fell far short of the $100 per week, which the plaintiff claims appears from the evidence. It is to be borne in mind that all evidence as to the plaintiff's ice and other business was relevant merely as tending to prove his earning capacity during such period as he could prove that he was unable to work or that his working capacity was diminished. *Feehan* v. *Slater*, 89 Conn. 697, 702, 96 Atl. 159; *Hayes* v. *Morris & Co.*, 98 Conn. 603, 606, 119 Atl. 901. The question as to reasonable compensation for pain and suffering was, under the evidence, a matter purely for the jury.

From the above discussion, it is evident that under the evidence a wide latitude was left to the jury in determining what was just compensation to the plaintiff for his injuries. We are unable to find that the evidence discloses that the jury failed to properly perform their duty. *Robinson* v. *Backus*, 91 Conn. 457, 459, 99 Atl. 1057. The court did not err in denying the motion to set aside the verdict.

The plaintiff also appeals for certain claimed errors in the charge. The claimed errors set forth in the second, third and seventh reasons of appeal are too meticulous for consideration.

The portions of the charge objected to in the fourth, fifth, sixth, seventh and eighth reasons of appeal do not exceed the bounds of reasonable comment upon, and permissible expressions of opinion as to, the evidence. The court in its charge is necessarily dealing to some extent with arguments made to the jury by counsel, as well as with the case presented by the pleadings and evidence.

In the statement in the charge as to the probability that the plaintiff had a "little book" of accounts in his ice business, the court is dealing with the weight

to be attached to his oral testimony as to the extent of his ice business and its profits of $100 per week, which was admissible as tending to prove his earning capacity when injured. This comment was not so unreasonable as to constitute harmful error. So, also, as to the comment of the court to the effect that if the plaintiff was profiting from the ice business to the extent that he claimed, it was a reasonable criticism to say that he would not have abandoned it, but endeavored to have preserved it by carrying it on by hired help or to have profited from it by selling the business.

The court charged as follows: "I don't recall that the plaintiff was asked, and so far as I recall the evidence it does not appear, that the plaintiff had absolutely no income from any source from the time of this accident down to the present time. He does say,— he did testify that his ice business was not carried on after that; he did not pursue that business any longer for the reason, as he stated, he could not lift the ice without pain; but it is for you to consider whether he might not with reasonable prudence, reasonable endeavor, have earned something in other ways, because it has been suggested, or claimed, by counsel for the defendant in argument, that no one who has received an injury is justified even by the negligence of another, justified in sitting down and doing nothing to recoup the damage and loss by reasonable effort on his part, and not endeavor to perform such,—pursue such activities for the purpose of earning an income as his physical condition would permit, with the expectation that he can charge all of his time for an indefinite period of disability to the person whose negligence was the result [cause] of the injury." The plaintiff claims that this portion of the charge constitutes harmful error, because it in substance tells the jury that if the plaintiff

had an income from investments, insurance, or other sources, his damages from loss of earnings would be by so much lessened. But from the context it clearly appears that the court referred to income derived from earnings and we think the jury would have so understood it, particularly as there was no evidence as to any other income.

The reference in the charge to the conduct of juries in other States, while entirely irrelevant, was merely a method employed by the court to caution the jury to confine their verdict to just compensation under the evidence, the court evidently deeming from the arguments or otherwise that there was a possibility of an excessive verdict. These remarks could not reasonably be deemed to have harmed the plaintiff.

There is no error.

In this opinion the other judges concurred.