FREDERICK MORRO *vs.* HOBART J. BROCKETT.
MARY MORRO *vs.* HOBART J. BROCKETT.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS AND BROWN, Js.

Argued January 17th—decided April 17th, 1929.

*Ward Church*, for the appellant (defendant).

*Harry L. Edlin*, with whom was *Alfred E. DeCapua*, for the appellees (plaintiffs).

HAINES, J. The finding shows that the minor plaintiff was five years and two months old, and while

crossing Hamilton Avenue in New Haven on November 10th, 1926, he was struck and injured by an automobile owned and driven by the defendant. The boy's leg was broken and he suffered other injuries. He was at once removed to Grace Hospital in New Haven where he remained under treatment until December 22d, 1926, when he was taken to his home with his leg in a plaster cast and so remained till some time the following month when he was returned to the hospital. Finding, upon the removal of the plaster cast, that the junction of the leg bone was unsatisfactory, two surgeons broke up and reset the bone. The jury returned verdicts for $1,312 for the personal injuries, and $755 for expenses, and judgments were entered accordingly.

The assignments of error are the same in each case, viz: in the charge as given and in the failure to charge as requested, upon the requirement of due care by the boy, and the failure to charge as requested concerning proof of proper surgical and medical attention to the boy.

The request to charge upon the refusal of which the first error is assigned, recites certain circumstances conditionally and adds that continuing to cross the street under such circumstances, would constitute negligence on the part of an adult, and then states that it is for the jury to determine whether the boy should be held liable for "such negligence." It further adds that in determining what degree of negligence the boy should be held liable for, the jury should take into account the fact that he was attending school, that he lived on a much traveled street, and also his general appearance and the fact that although he was in court and exhibited to the jury, he was not called to testify.

This request is not, to say the least, adapted to the issue to which it was directed. First stating what

would be negligence in an adult, it leaves it to the jury to determine whether this boy could be guilty of the same negligence. He could not, as matter of law, be held to the same degree of care as an adult, in any event. Moreover, though the request was directed to the issue of contributory negligence it does not limit his liability to such negligence as contributed directly, materially and essentially to the injury. The facts referred to in the latter portion of this request are but part of those before the jury and are not by themselves at all sufficient to determine the question. Moreover, it is difficult to see how the conduct of the child as regards contributory negligence could be affected by the fact that he did not testify in court. The request as a whole would rather have misled than assisted the jury and was properly refused.

On the question of due care by this boy, the court closes its statement to the jury as follows: "A child five years of age is not, and should not be, expected to have much judgment or be able to exercise any substantial degree of care; and therefore I apprehend that you will have little difficulty with the question of contributory negligence in these cases." Neither in these words nor anywhere in the charge is a correct statement given of what ordinary care in a child consists of, but no appeal has been taken from the statement of the rule as given by the court.

In *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 53, 123 Atl. 25, we gave our approval to a charge in which the court, after a correct statement of our rule, used these words at the close of its remarks: "While I do not undertake to say to you as a matter of law that a child of the age of this plaintiff could not under any circumstances be guilty of contributory negligence, you probably will not have much difficulty in determining whether or not a child of

five years could be expected to have an appreciation of the danger involved in touching or coming in contact with a broken wire lying on the sidewalk because the same might be charged with electricity."

In so far as these words of the court may be considered as an expression of the court's opinion that the jury would have little difficulty with this question, it was not improper. A court may properly express its opinion in commenting upon the evidence to the jury and its action will not be reviewed in the absence of an abuse of discretion. *DiBernado* v. *Connecticut Co.*, 100 Conn. 612, 615, 124 Atl. 231; *State* v. *Pinagglia*, 99 Conn. 242, 244, 121 Atl. 473; *Smith* v. *Hausdorf*, 92 Conn. 579, 581, 103 Atl. 939.

In so far as the remark purports to state what the law does not require of a child of five years, it is the same in substance as the statement we approved in the *Rutkowski* case, but it should be noted that in that case the remark followed a correct statement of the rule. There is some force in the claim made by counsel that the facts in that case differ from those in the case at bar. In that case the child was supposed to have picked up a wire, which was charged with electricity, and was injured, and the court said the child was not to be charged with much judgment or knowledge of the danger in doing so. But in the present case we think it may likewise be fairly said that this boy could not be expected to use much judgment in calculating whether the distance and speed of an approaching automobile was likely to endanger his safety. We cannot fairly hold the statement to be so prejudicial to the defendant as to constitute reversible error.

The defendant requested the court to charge that "in order to recover damages for injury to the boy," the plaintiffs were "bound to prove that within a reasonable time after the injury, proper medical attention

was given." A failure to give proper and reasonable attention to the injured boy could in any event have barred recovery only for such results as were caused by that failure, and could not have barred recovery for the initial injury and suffering. The success of such a defense would result only in lessening the verdict. The request then recited certain evidence claimed to have been offered and asserted that on certain points there was no evidence, then drew an inference of fact that the malformation of the bone required certain other surgical attention, and stated as a final conclusion of law that the plaintiff could not recover for such results as followed after a certain named date. Not only is this inaccurate in statement but it is argumentative and confusing. The request as a whole was properly refused by the court. The defendant was apparently seeking to invoke the rule that one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries. The rule is a sound one and of general application. It is founded on the principle that the responsibility of the defendant is limited to those results only which accrue as a proximate result of the act complained of. The failure of the plaintiff to use reasonable care to promote recovery and avoid aggravating or increasing the injury might inject an intervening cause which would *pro tanto* render the defendant's act a remote cause. The rule, however, is essentially one of good faith and reasonable conduct and the requirement is met when the plaintiff does what a reasonably prudent person would be expected to do under the same circumstances. In the choice of means to promote recovery the plaintiff is not bound at his peril to employ the best medical, and surgical skill, or the best methods, for these may not be available to him. The test of good faith and

reasonable conduct must be applied under all the conditions surrounding the plaintiff at the time. *Ross* v. *Stamford,* 88 Conn. 260, 263, 91 Atl. 201; *Flint* v. *Connecticut Hassam Paving Co.,* 92 Conn. 576, 103 Atl. 840; *Wright* v. *Blakeslee,* 102 Conn. 162, 167, 168, 128 Atl. 113; *McGarrahan* v. *New York, N. H. & H. R. Co.,* 171 Mass. 211, 50 N. E. 610; *Hooper* v. *Bacon,* 101 Me. 533, 64 Atl. 950; *O'Donnell* v. *Rhode Island Co.,* 28 R. I. 245, 66 Atl. 578; *Lyons* v. *Erie Ry. Co.,* 57 N. Y. 489; *Collins* v. *Council Bluffs,* 32 Iowa, 324; *Alberti* v. *New York, L. E. & W. R. Co.,* 118 N. Y. 77, 23 N. E. 35.

We think the charge as given by the court made it clear to the jury that the damages recoverable were such only as the preponderance of the evidence showed were caused by the negligence of the defendant and not by the negligence of others. Under this charge the jury would not have been warranted in giving damages for injuries or sufferings caused by improper treatment.

The finding shows that the boy was at once taken to Grace Hospital where he was treated. One of the facts upon which the finding says counsel were in agreement is, that Grace Hospital "is a general hospital of excellent standing in New Haven." The boy remained there under treatment from the day of the injury, November 10th, till December 22d, and was returned there the following month. When he left the hospital December 22d, the leg was in a plaster cast and so remained till January 29th, when the surgeons there removed the cast. These facts are not in dispute. They show a clear prima facie case of reasonable care within the rule cited. If the defendant then desired to raise the issue of reasonable care it was his duty to introduce evidence that such care had not been given. The burden is on the plaintiff to es-

tablish that the injuries for which he seeks damages were the proximate result of the negligence of the defendant, but when a prima facie case had been made out, as in this instance, it becomes incumbent upon the defendant if he seeks to exonerate himself from responsibility for a portion of the consequences to show that some of these had their proximate cause in the failure of the plaintiff to act in good faith in an attempt to promote recovery and avoid aggravation of the initial injury. Watson on Damages for Personal Injuries, p. 247, § 192. Moreover, we are satisfied the defendant could have gained nothing from this rule in the present case, since it appears from conceded facts that the jury could not reasonably have found the child did not have proper care, and the rule would have had no legitimate application.

There is no error.

In this opinion the other judges concurred.