MINELDA LANGE *vs.* BESSIE M. HOYT.

MINETTE B. LANGE *vs.* BESSIE M. HOYT.

MALTBIE, C. J., HAINES, BANKS, AVERY AND BROWN, JS.

Argued January 13th—decided March 29th, 1932.

*Raymond E. Baldwin,* with whom was *J. Moss Ives,* for the appellant (defendant).

*Philo C. Calhoun,* for the appellees (plaintiffs).

AVERY, J.   The appellant assigns error in the refusal of the court to set aside the verdicts in favor of the plaintiffs; in refusing to charge the jury in some particulars as requested by the defendant, and also in the charge as delivered.

From the evidence, the jury might reasonably have found the following facts: May 2d, 1930, the plaintiff Minelda Lange, a minor eight years of age, was alighting from a school bus then stationary and facing in a northeasterly direction upon the right-hand side of the Georgetown-Bethel Turnpike, a highway in the town of Redding.   The bus was standing approximately opposite the home of the plaintiff, located on

the northwest side of the road which, at this point, runs approximately southwest and northeast, and consists of a hard surface foundation of macadam, twenty-five feet in width, with shoulders five feet wide. From the plaintiff's house, the highway extends a distance of more than six hundred feet to the northeast in substantially a straight line. The plaintiff, before alighting from the bus, looked along the road to the northeast, and observed the defendant's automobile at a point in front of a neighbor's house, a distance of about six hundred feet. She then immediately alighted from the bus on the right-hand front side, and walked to the rear, and started directly across the road toward the driveway of her home, when she was struck by the left front part of the bumper and left headlight of defendant's automobile, and carried a distance of approximately twenty feet by the impact. The automobile, before stopping, proceeded a distance of some twenty to forty feet beyond the place where the body of the plaintiff had been carried. Prior to the collision, the defendant was driving in her La Salle sedan in a southwesterly direction on the highway, approaching the school bus. There were from ten to fifteen children in the bus, most of whom were talking. The windows were open and several children were looking out, or had their arms or hands projecting, so that the character of the vehicle and of its occupants could have been readily observed. At the time of the collision, defendant's hearing was substantially impaired. She failed to give any warning of the approach of her automobile by horn or other signal, failed to keep a proper lookout, failed to apply her brakes or reduce the speed of her car prior to the collision, and failed to have her vehicle under reasonable control.

Upon these facts, it is clearly a question to be de-

cided by the jury whether or not the defendant was negligent in the operation of her automobile, and whether the plaintiff Minelda, considering her age, experience and judgment, was free from contributory negligence. *Lederer* v. *Connecticut Co.*, 95 Conn. 520, 525, 111 Atl. 785; *Rappa* v. *Connecticut Co.*, 96 Conn. 285, 287, 114 Atl. 81. Upon the evidence presented, the decision of these questions was for the jury. The trial court did not err in refusing to set aside the verdict.

The plaintiff Minelda sustained a fracture of her left arm, and a fracture and dislocation of the pelvis. Upon the trial, evidence was offered and the plaintiff claimed that there was a deformity of the pelvis whereby the right side of the pelvis was displaced upward about one half inch, so as to diminish the size of the pelvic outlet; and that this deformity was permanent and would interfere with normal childbirth when the plaintiff reached maturity.

It was the claim of the defendant that the condition of the arm and pelvis was aggravated by lack of proper medical treatment after the accident. The plaintiff Minette B. Lange was a believer in Christian Science and had brought her daughter, Minelda, up in the same belief. On the day of the accident, the mother called a medical practitioner who gave first-aid treatment, and advised the removal of the child to the Danbury Hospital. She was removed to the hospital on the same day, where efforts were made by the physicians to reduce the fracture, and a temporary splint was applied, and X-rays taken. The defendant claims that the mother then took the child home against the advice of the physicians; and that, thereafter, medical advice was not had for the child's injuries until May 15th, when a physician visited the plaintiffs on behalf of the defendant and recommended

that medical and surgical treatment be secured immediately, but that such medical and surgical treatment was not obtained until May 27th, when Minelda was taken to New York for X-ray examination; and, thereafter, was treated by a surgeon. In substance, the claim of the defendant is that because of lack of surgical treatment from the day of the accident until May 27th, the plaintiff's injuries were aggravated; and that proper treatment by regular physicians and surgeons from the beginning would have effected a substantial cure of her injuries so that no permanent disability would have resulted therefrom.

On the other hand, the plaintiff Minelda Lange claims that she reasonably relied upon her mother to provide such curative agencies as the latter thought necessary; and the mother claimed that on the day of the accident, in addition to first-aid treatment by a regular surgeon, she secured the services of a surgical nurse and had Minelda's arm set by a qualified surgeon at the Danbury Hospital; that from the time of the accident to the time of the trial Minelda was cared for by a competent nurse, had frequent X-rays and treatments by a competent orthopedic surgeon, and between May 2d and May 25th was kept quiet and in bed at home; that no other treatment was suggested by the surgeons nor was she ever informed that further surgical treatments would be useful until the defendant's physician so recommended about May 21st; after which, and as soon as possible, the services of a competent orthopedist and a competent X-ray specialist were engaged on behalf of her daughter.

In view of these claims, the defendant in six of her requests for instructions asked the court to inform the jury as to the duty of one injured to exercise ordinary care to cure and restore herself, and assigns error in the charge as delivered upon this subject. The de-

fendant was undoubtedly entitled to have the jury instructed upon this phase of the case. We think, however, the charge as delivered covered the substance of defendant's requests so far as they were proper. That the exact language of the requests, some of which were taken verbatim from reported cases and text-book writers, was not employed, affords the defendant no ground of complaint. The court is not required to use the exact language with which a party clothes a pertinent request to charge. *Daniels* v. *Grand 5, 10 and 25-Cents Stores, Inc.,* 99 Conn. 415, 417, 121 Atl. 804; *Roth* v. *Chatlos,* 97 Conn. 282, 286, 116 Atl. 332; *Sandora* v. *Times Co.,* 113 Conn. 574, 579, 155 Atl. 819; *Walker v. New Haven Hotel Co.,* 95 Conn. 231, 238, 111 Atl. 59; *Temple* v. *Gilbert,* 86 Conn. 335, 339, 85 Atl. 380. It is a rule of general application that one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries. *Flint* v. *Connecticut Hassam Paving Co.,* 92 Conn. 576, 578, 103 Atl. 840. In *Morro* v. *Brockett,* 109 Conn. 87, 92, 145 Atl. 659, we stated that the requirement of this rule is met "when the plaintiff does what a reasonably prudent person would be expected to do under the same circumstances." In *Ross* v. *Stamford,* 88 Conn. 260, 263, 91 Atl. 201, it is stated: "It would seem to be well settled, that where one is injured by the negligence of another, if his damage has not been increased by his own subsequent want of ordinary care, he will be entitled to recover of the wrongdoer to the full extent of the damage, although the physician whom he employed omitted to apply the remedy most approved in similar cases, and by reason thereof the damage of the injured party was not diminished as much as it otherwise would have been."

The charge of the court is to be tested by the situ-

ation disclosed by the claims of proof. Minelda was a child eight years of age, and even if there had been neglect of proper surgical treatment by her mother, the negligence of the parent would not be imputable to the child. *Daley* v. *Norwich & W. R. Co.*, 26 Conn. 591, 598; *Murphy* v. *Derby Street Ry. Co.*, 73 Conn. 249, 252, 47 Atl. 120; *Wilmot* v. *McPadden*, 78 Conn. 276, 284, 61 Atl. 1069. The jury were, in substance, told that if they found the negligence of the defendant was a substantial factor in producing Minelda's injuries, she would be entitled to recover, even though negligence on behalf of the parent in failing to obtain proper surgical treatment might have concurred with the negligence of the defendant. As regards the plaintiff Minette B. Lange, the jury were in effect told that she was entitled to recover for expenses incurred by her for nursing, surgery, etc., in connection with her daughter's injuries in so far as the wrongful conduct of the defendant was a substantial factor in producing the injuries. If the injuries were in any way aggravated by the failure of the parent to exercise reasonable care to obtain proper medical and surgical treatment, the parent could not recover for any aggravation of the injuries so caused.

The jury were told that the conduct of both plaintiffs with reference to the presence or absence of reasonable care was to be judged in the light of all the surrounding circumstances including whatever belief as to the methods of treatment the jury might have found they conscientiously held. The reference in the last clause of this charge was to the fact that the plaintiff Minette B. Lange was a Christian Scientist and her conduct in the effort to promote the recovery of her daughter was in part at least actuated by the tenets of that belief. While the test of conduct on the part of a plaintiff in promoting a recovery

from injuries suffered is one of reasonable care and cannot be made to depend upon the idiosyncrasies of personal belief no matter how honestly held, courts cannot disregard theories as to proper curative methods, held by a large number of reasonable and intelligent people. Reading the charge in the light of the facts claimed to have been proved, it went no farther than saying that in determining whether the plaintiff Minette B. Lange exercised a reasonable degree of care, the jury were entitled to consider, with all the other evidence, her conduct in the light of her belief in the doctrines of the Christian Science Church and the extent to which she acted in accordance with them. This was as favorable a charge to the defendant as she was entitled to have upon this feature of the case.

The defendant further complains that the charge was inadequate in that it did not sufficiently explain to the jury the effect which negligence on the part of the mother in failing to afford proper surgical treatment to her daughter might have as an intervening cause which would relieve the defendant from liability for such part of her injuries as would otherwise have been avoided. In *Morro* v. *Brockett,* 109 Conn. 87, 92, 145 Atl. 659, we discussed the duty of a plaintiff to take reasonable steps to promote a recovery, and we said: "The defendant was apparently seeking to invoke the rule that one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries. The rule is a sound one and of general application. It is founded on the principle that the responsibility of the defendant is limited to those results only which accrue as a proximate result of the acts complained of. The failure of the plaintiff to use reasonable care to promote recovery and avoid aggravating or increasing the injury might inject an

intervening cause which would *pro tanto* render the defendant's act the remote cause." Where an injured plaintiff uses reasonable care in the selection of a physician or surgeon, the right of recovery is not affected by the negligence or improper action of the latter. *Wright* v. *Blakeslee,* 102 Conn. 162, 166, 128 Atl. 113. Primarily the defendant is liable for all the pain, suffering and injury resulting from his wrongdoing, and to relieve him of any of it there must be some act or neglect intervening sufficient to break the causal connection between the injuries actually suffered, and that wrongdoing; and where the plaintiff has performed his full duty in using reasonable care in employing a physician or surgeon, the latter's neglect or default is not deemed in law sufficient to produce that result. *Stover* v. *Inhabitants of Blue Hill,* 51 Me. 439; *Sauter* v. *New York C. & H. R. R. Co.,* 66 N. Y. 50, 53; *Pullman Palace Car Co.* v. *Bluhm,* 109 Ill. 20, 24. A child of the age of eight years is necessarily dependent upon her parents as regards the steps to be taken to bring about a recovery from an injury, and if she is not herself guilty of any negligence or improper conduct, the failure of the parents to take proper steps to that end, by a parity of reasoning, cannot be such a cause of any portion of the injuries as will defeat a recovery for all the results of the defendant's wrongdoing. The charge of the trial court was too favorable to the defendant in suggesting that the mother's negligence in failing to secure surgical attention to her daughter might be such an intervening cause as would defeat a recovery for damages for such part of the latter's injury as might have been avoided thereby.

There is no error.

In this opinion the other judges concurred.