BESSIE N. HOYT *vs.* THE FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 14th—decided June 27th, 1935.

*Philo C. Calhoun,* with whom, on the brief, was *Jonathan Grout,* for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellee (defendant).

MALTBIE, C. J.   From the finding with such corrections as should be made in it, the following situation appears:   The defendant, whose home office is in Providence, Rhode Island, issued to the plaintiff a policy of insurance covering liability arising out of the use of her automobile to the amount of $5000.   She injured an eight year old child, Minelda Lange, in an accident within the terms of the policy.   She reported the accident to the defendant and this report was immediately transmitted to an attorney representing it at Bridgeport, Raymond E. Baldwin.   He caused an investigation to be made by Sydney A. Johnson, another attorney.   Mr. Johnson, under the direction of Mr. Baldwin, caused a physical examination to be

made of the child. He gave to Mr. Baldwin written reports of his own investigation and of this examination. Thereafter an attorney for the Langes, fully acquainted with the facts of the case, corresponded with Mr. Baldwin and finally submitted an offer to accept $1300 in full settlement and, on Mr. Baldwin's request, later sent a list of claimed expenditures, which amounted to $1440.50. Mr. Baldwin submitted this offer to the defendant and advised its acceptance. The defendant replied that it was felt that it was questionable whether or not the plaintiff could be held legally responsible, that, in view of the failure of the child's parents to allow proper medical and surgical attention, it would be questionable whether the plaintiff could be held responsible for disability resulting from this failure and that an authorization of $800 to settle the case should be ample. Mr. Baldwin thereupon made an offer of $750 to the attorney for the Langes, which was refused.

Thereafter two actions were instituted against the plaintiff, one on behalf of the child for personal injuries, in which $25,000 damages were claimed, and the other by the mother for expenses incurred or to be incurred, in which $10,000 was claimed. Mr. Baldwin notified the present plaintiff that there was a possibility that the verdicts secured might exceed the amount of the policy and advised her that she should employ counsel to represent her in the actions, and she did so. Shortly previous to the trial the Langes offered to accept $6500 in settlement and later reduced this offer to $4500; Mr. Baldwin advised the acceptance of the latter offer, and the attorney of the plaintiff notified the defendant that unless the offer were accepted she would hold them responsible for any recovery in excess of the face of the policy; but the offer was rejected by the officers of the defendant and a

counter offer of $2500 was made, which was rejected by the Langes. The trial resulted in verdicts for the Langes in the two cases which, in the aggregate, exceeded the amount of the policy by $2300. The plaintiff brought this action to recover this excess upon the ground that the defendant was guilty of a breach of duty in not making a settlement with the Langes instead of proceeding with the trial.

The policy contained a provision that the insured should not "without the written consent of this Company previously given . . . settle any claim except at his own cost or interfere with any negotiation for settlement or any legal proceeding." In situations analogous to that presented by this case courts have applied varying standards by which to determine whether or not an insurer is liable to an insured for failing to settle a claim. These may be generally summarized as a requirement of good faith and honest judgment on the part of the insurer or one that the insurer should use that care and diligence which a person of ordinary prudence would exercise in the management of his own business. *Bartlett* v. *Travelers Ins. Co.,* 117 Conn. 147, 155, 167 Atl. 180, note, 71 A. L. R. 1485. The trial court concluded that the defendant had not failed to meet either of these tests. If it was correct as to the more exacting of the two, that is, the requirement of reasonable care, there is no need now for us to decide whether one test or the other should be adopted in this jurisdiction as determinative of the obligations of an insurer in such a case.

Two of the officers of the defendant, one the assistant secretary and head of the claim department and the other the secretary, reviewed the reports made by Mr. Johnson and the doctor and reached the conclusion that the case was one of questionable liability and believed that the defendant would not be responsible

for the results of a lack of what they deemed to be adequate medical care of the child. In this case a finding that the defendant failed to use proper care would very largely depend upon a conclusion that it ought reasonably to have anticipated the probability that the plaintiff would be held liable to pay damages in excess of the amount of the policy. The report of the investigation made by Mr. Johnson, made a part of the finding, stated a situation upon the basis of which a conclusion could be reasonably reached that the accident could not have been avoided by the present plaintiff and that the child was guilty of contributory negligence. As to the extent of the injuries it appeared that, although an examination at the hospital to which the child was taken soon after the accident, disclosed the possibility of internal injuries, the mother, who was a Christian Scientist, removed the child to her home against the advice of the doctors. These issues were litigated at the trial and pressed upon an appeal to this court. *Lange* v. *Hoyt,* 114 Conn. 590, 159 Atl. 575. The very fact that the original offer made on behalf of the Langes was to settle for a sum less than the expenditures they claimed might well have been taken as indicating either a serious doubt on their part as to their ability to recover or an unwillingness to go to trial. It is true that Mr. Baldwin, who was more closely in touch with the situation than the officers of the defendant at its home office could be, recommended in each instance the acceptance of the offers made on behalf of the Langes, and the attorney representing the plaintiff notified the defendant that unless the last offer was accepted she would hold them responsible for any recovery in excess of the face of the policy; but, on the other hand, the officers of the company had had a great deal of experience in handling claims arising out

of automobile cases, amounting to some seven thousand a year, and were entitled to use that experience in coming to a decision. The record does not present a situation where we can say as matter of law that the defendant failed to use that degree of care and prudence which a person in such a situation as that in which it was placed would have used in the management of a business in which no one other than himself had an interest. The conclusion of the trial court that the defendant was not negligent must stand and this disposes of the case.

There is no error.

In this opinion the other judges concurred.