*Municipal Court of the City of Boston*
*For Civil Business*

## LONA S. W. DEGENER
### and
## ELLA F. J. SCHMIDT
### v.
## RAWDING LINES, INC.
### and
## THE GRAY LINE, INC.
(June 10, 1953)

*Keniston, C. J.* These are two actions of tort to recover for personal injuries allegedly sustained in an accident on June 5, 1948 in Bow, New Hampshire, while the plaintiffs were riding as paying passengers in a bus owned by the defendants and operated by their employee. The answer of the defendants was a general denial and contributory negligence.

There was a finding for each plaintiff in substantial amounts. The defendants claim to be aggrieved by the court's ruling upon the three following requests:

2. The evidence requires a finding that the defendant's their servants or agents, were not negligent in the

operation of the motor vehicle at the time of the alleged accident. This request was denied.

3. The evidence requires a finding that the plaintiffs were negligent in failing to secure proper medical care and treatment following the alleged accident. This request was denied with the finding of fact that "The injuries to the extent of the finding of damages made were not due to negligence in securing treatment."

4. The evidence requires a finding that the alleged injuries of the plaintiffs were aggravated through the plaintiffs' failure to secure proper medical care and treatment following the accident. This request was denied with a notation "See #3".

There was evidence at the trial to the effect that the plaintiffs Lona S. W. Degener anr Ella F. J. Schmidt were attending a Christian Science Conference in Boston; that on the day of the accident the plaintiffs with a group of Christian Scientists entered the defendant' bus in Boston for a chartered tour to Concord, New Hampshire; that while the bus was in Bow, New Hampshire, and while it was raining very hard and the bus was going down hill at a speed of 60 to 65 miles an hour that it hit a bump; that the steering wheel of the bus was knocked out of the hands of the operator, the wheels of the bus left the road and the operator lost control of the bus; that it swerved to its right, then to its left and then back to its right and came to a sudden stop partly on the pavement and partly on the shoulder of the road.

This evidence would seem to be sufficient to support a finding of negligence on the part of the operator of the bus and did not require as a matter of law a ruling "that the defendants their servants or agents were not negligent" and there was therefore no error in denying request No. 2.

The other two requests relate to the failure of the plaintiffs to secure proper medical care and treatment and that the evidence requires a finding

that the alleged injuries were aggravated through the failure to secure proper medical care and treatment following the accident.

There was evidence that both plaintiffs were Christian Scientists, the plaintiff Degener herself being a practitioner. As Christian Scientists they relied upon treatments by their practitioners rather than upon medical and surgical practitioners. Both of the plaintiffs were thrown by the bus at the time of the acrident, the plaintiff Degener across the aisle up against a seat on the other side of the aisle, striking her chest and breast and receiving several severe bruises. The plaintiff Schmidt, who was sitting on the rear seat of the bus, was thrown to the ceiling of the bus and rendered unconscious. The evidence as set forth in the report relating to the personal injuries of both plaintiffs is very voluminous. It seems unnecessary to summarize it for this opinion. It is enough to state that the evidence would support a finding of serious and permanent injuries on the part of both plaintiffs. There was conflicting evidence, which, if credited by the court, would have tended to mitigate the amount of damages as claimed by the plaintiffs. It could have been found that the plaintiffs did not secure medical treatment for their injuries other than that of their own practitioners and consulted other doctors only for the purpose of preparing their own cases for trial, and that if proper medical treatment had been secured shortly after the injuries were received their condition would have been corrected, improved or helped.

It was the duty of the plaintiffs to mitigate or lessen the effects of their injuries by resort to the reasonable remedies and operations of medical and surgical practitioners if these are not attended with serious risk to life or member and if the outcome reasonably to be expected is beneficial.

Snook's Case, 264 Mass. 93

The plaintiffs were bound to exercise reasonable care for their own safety after the injuries were

received. If the injuries were serious enough to require the attendance of a physician, they were bound to use the caution of the ordinary prudent person in choosing a physician and in following his instructions,

*Gray v. Boston Elevated Railway Co.*

215 Mass. 143, 147

*McGarrahan v. N.Y.N.H. & H.R.R.*

171 Mass. 211

*Ouillette v. Sheerin,* 297 Mass. 536, 543

and it would seem that their conduct in the light of their belief in the doctrine of Christian Science and the extent to which they acted in accordance therewith were factors to be considered by the trial judge.

82 American Law Reports, 486

*Lunge v. Hoyt,* 114 Conn. 590

However, even if an injured person fails to use the care of a reasonably prudent person in obtaining medical or surgical care, he may still recover damages for such of his injuries as would not have been obviated by proper medical or surgical care.

*See Sacchetti v. Springer,* 303 Mass. 480

In this case the trial judge, in denying request No. 3, pertaining to negligence of the plaintiffs in failing to secure proper medical care and treatment, stated that "The injuries to the extent of the finding of damages made were not due to negligence in securing treatment". We interpret this to mean that his award of damages was based solely on the injuries and suffering of the respective plaintiffs which were not affected by their failure to secure medical or surgical care. This was a question of fact to be determined by the trial judge on the basis of all the evidence. If the damages were so limited, the requested rulings that the failure to secure proper medical care constituted negligence, or aggravated the injuries of the plaintiffs, became immaterial, and their denial would not be error.

We do not feel that it can be ruled as a matter of law that this finding of fact by the trial judge

could not have been made from the evidence contained in the report nor on the basis of this finding that it was error to deny requests numbered 3 and 4.

Report dismissed.

Plaintiff's attorneys, Frank A. Stout, Jr., Alvin J. Slater, Caiger & Gramkow.

Defendant's attorney's, Arthur V. Sullivan, Norman F. Fermoyle, Dana J. Kelly.