Helen C. **HAYES**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

**No. 53, Docket 30309.**

United States Court of Appeals
Second Circuit.

Argued Oct. 5, 1966.

Decided Oct. 18, 1966.

Harry L. Nair, Hartford, Conn. (Gordon, Muir & Fitzgerald, George Muir, Noble K. Pierce, Hartford, Conn., on the brief), for appellant.

John F. Mulcahy, Jr., Asst. U. S. Atty. (Jon O. Newman, U. S. Atty., for the District of Connecticut, on the brief), for appellee.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

In August 1961, plaintiff-appellant fell on the steps of a United States Post Office in Middletown, Connecticut, and thereafter brought suit under the Federal Tort Claims Act, 28 U.S.C. § 2674 (1964). In October 1965, in a non-jury trial before Judge T. Emmet Clarie in the District of Connecticut, appellant recovered damages of $23,222.92. Appellant's attack on appeal is confined to the amount of the award.

In determining the length of future treatment and appellant's disability, the district judge accepted the opinions of defendant's medical witness; the doctor believed that twelve weeks devoted to somewhat painful physical therapy, plus a minor operation, would be sufficient and would leave plaintiff with a relatively small permanent partial disability of the right ankle joint and foot. Appellant's own physician, however, prescribed at trial a course of less intensive physiotherapy that would last two years, and predicted a much higher permanent partial disability. Plaintiff claims in this

court that the trial judge erred in computing damages on the basis of the shorter therapy, instead of "allowing" appellant the option of pursuing the course recommended by her own, presumably reasonably selected, physician.

 The state whose law controls here is Connecticut.[1] Connecticut cases hold that a plaintiff may recover for the full effects of an injury even though other ameliorating treatment was not taken advantage of, providing that plaintiff acted reasonably in selecting a physician whose advice he followed. E.g., Morro v. Brockett, 109 Conn. 87, 145 Atl. 659 (1929); Flint v. Connecticut Hassam Paving Co., 92 Conn. 576, 103 A. 840 (1918); Ross v. City of Stamford, 88 Conn. 260, 91 A. 201 (1914).[2] However, Connecticut apparently has not determined the application of the rule with regard to treatment after, as opposed to before, the trial. We think that where, as here, the disparity in prognosis is so great, under the Connecticut rule appellant would be unreasonable not to choose the vastly shorter course of treatment, now that she has actual notice of it, despite the pain and minor surgery involved. Cf. Sette v. Dakis, 133 Conn. 55, 48 A.2d 271 (1946) (duty to submit to minor operation). Moreover, the court was required to predict plaintiff's future suffering and disability, based upon an estimate of present conditions. The real issue is whether the judge was required to base that prediction upon the testimony of plaintiff's witness; the clear answer is that the court could choose to accept the opinions of defendant's doctor.

Appellant's other attacks on the computation of damages can be disposed of summarily. The failure to award for lost earnings because of the lack of evidence was not clearly erroneous. Fed.R. Civ. P. 52(a). The overall award for all items of damage, while not generous, was not so low as to be shocking.

The judgment is affirmed.

---

1. Since the accident occurred in Connecticut, the law of that state applies. Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956).

2. This seems to be the rule of most jurisdictions. See McCormick, Damages § 36 (1935); 22 Am.Jur.2d Damages §§ 40–41 (1965); 25 C.J.S. Damages § 36b (1966).