[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Facts
On May 9, 2001, the plaintiff, Joseph Liquore, filed an action against the defendant, Assurance Company of America ("ACA"), for a declaratory judgment and damages allegedly sustained as the result of defendant's refusal to provide a defense and indemnify plaintiff under a certain commercial general liability policy. The subject policy was issued to the plaintiff by the defendant and covers the period from July 21, 1997 through July 21, 1998.
The plaintiff is a commercial contractor in the state of Connecticut. In March of 1999, the Connecticut Department of Environmental Protection CT Page 2942 initiated an enforcement action against The Stanley Works ("Stanley") and the Farmington River Power Company ("FRPC") for operating a solid waste landfill without a permit at 347 Rainbow Road in Windsor, Connecticut ("the site"). On March 27, 2000, Stanley and FRPC instituted a lawsuit against Mr. Liquore for the alleged disposal of "solid waste" at or near the site. On November 2, 2000, the plaintiff notified the defendant and filed a claim for coverage. On March 6, 2001, the defendant issued a declination of coverage letter.
The plaintiff claims he has already incurred more than $50,000.00 in costs in defending the action brought against him by Stanley and FRPC. In his five-count amended complaint dated November 1, 2001, the plaintiff seeks a declaratory judgment (first count), as well as damages for breach of contract (second count), breach of the covenant of good faith and fair dealing (third count), violations of the Connecticut Unfair Insurance Practices Act ("CUIPA") (fourth count) and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") (fifth count).
By motion to strike dated November 27, 2001, the defendant ACA moves to strike the third, fourth and fifth counts of the plaintiff's amended complaint. The court heard oral argument on the motion to strike on March 5, 2002.
Discussion
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book section 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 250 Conn. 588. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading CT Page 2943 party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997).
Covenant of Good Faith and Fair Dealing
Count three of the plaintiff's amended complaint alleges that the defendant breached the covenant of good faith and fair dealing in one or more of the following ways:
 a. by failing to act with reasonable promptness with respect to claims submitted by the Plaintiff under the Policy concerning the underlying claims;
 b. by failing to promptly provide an explanation to the Plaintiff of the basis for its denial of coverage under the Policy of claims submitted by the Plaintiff in connection with the underlying claims;
 c. by failing to defend the Plaintiff in connection with the underlying claims as required by the terms of the Policy;
 d. by failing and refusing to pay to the Plaintiff as damages losses incurred by it resulting from the underlying claims as required by the terms of the Policy;
 e. by refusing to indemnify the Plaintiff from losses incurred or to be incurred by the Plaintiff in connection with the underlying claims as required by the terms of the Policy.
The defendant moves to strike this count on the ground that it fails to allege the requisite "bad faith" to support such a claim.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Habetz v.Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992). Bad faith means more than mere negligence; it involves a dishonest purpose. Id., 237." (Internal quotation marks omitted.) Gupta v. New Britain GeneralHospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's CT Page 2944 rights or duties, but by some interested or sinister motive." (Citation omitted; internal quotation marks omitted.) Habetz, supra, 237.
The implied covenant of good faith and fair dealing is applicable to contracts of insurance. Verrastro v. Middlesex Ins. Co., 207 Conn. 179,190, 540 A.2d 693 (1988); Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 566, 479 A.2d 781 (1984); Hoyt v. Factory Mutual LibertyIns. Co., 120 Conn. 156, 159, 179 A. 842 (1935). In reviewing count three of plaintiff's amended complaint to determine whether the facts alleged state a cause of action for breach of the covenant of good faith and fair dealing, the court notes there are no claims that the defendant acted in bad faith or with an improper or dishonest motive in failing to pay the plaintiff's claim. The alleged failure to act with reasonable promptness, failure to explain the basis of its failure to cover the claim under the policy and failure to defend and indemnify are simply claims that the defendant denied the plaintiff's claim for benefits under the policy. Such allegations are insufficient to sustain a claim of bad faith, i.e., breach of the covenant of good faith and fair dealing.
Accordingly, the court grants the defendant's motion to strike count three of the plaintiff's amended complaint.
Connecticut Unfair Insurance Practices Act ("CUIPA")
Count four of the plaintiff's amended complaint alleges that the defendant's actions violated various provisions of CUIPA. The defendant moves to strike this count on the ground that CUIPA does not provide for a private cause of action.
To date, the Connecticut Supreme Court has reserved decision on whether CUIPA authorizes a private right of action. Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 221 n. 5, 680 A.2d 127
(1996); Lees v. Middlesex Ins. Co., 229 Conn. 842, 847 n. 4, 643 A.2d 1282
(1994); Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986). This issue, although not addressed by the Connecticut Appellate Court either, has been ruled upon by several superior courts. A number of trial court judges have concluded that CUIPA does provide for a private right of action, but most of the judges considering this issue have concluded to the contrary. This court agrees with the majority, finding that CUIPA is a regulatory act and remedial in nature, and that its investigative procedures are best administered by the commissioner of insurance. Moreover, the Connecticut Unfair Trade Practices Act ("CUTPA") expressly provides for a private cause of action under the act; the legislature certainly could have provided such authority under CUIPA if it had so intended. CT Page 2945
Many of the superior courts addressing this issue did so prior to theNapoletano case, which sets forth the criteria for determining whether a particular statute provides for a private remedy. In Stabile v. SouthernConnecticut Hospital Systems, Inc., Superior Court, judicial district of Fairfield at Fairfield, Docket No. 326120 (October 31, 1996), a case decided subsequent to Napoletano, Judge Levin provides a very comprehensive analysis of CUIPA utilizing the Napoletano test and concludes CUIPA does not authorize a private right of action. This court agrees with the reasoning set forth in the Stabile decision and grants the defendant's motion to strike count four of the plaintiff's amended complaint.
Connecticut Unfair Trade Practices Act ("CUTPA")
Count five of the plaintiff's amended complaint alleges that the defendant's actions violated CUTPA. The defendant moves to strike this count on the ground that it fails to state a claim under the act because plaintiff's CUIPA claim is legally deficient.
"[A] CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein. . . ."Lees v. Middlesex Ins. Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994). Thus, if the plaintiffs claimed violation of CUIPA relates to section 38a-816 (6), i.e., unfair insurance settlement practices, then the plaintiff's CUTPA claim is not viable unless the alleged practices are indicative of"a general business practice." In other words, "the plaintiff's CUTPA claim could not survive the failure of her CUIPA claim." Id., 851.
Although there are several categories of unfair practices prohibited by section 38a-816 of the General Statutes, "only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed `with such frequency as to indicate a general business practice.'" Lees, supra, 848 n. 5. Plaintiff's allegations of CUIPA violations include more than claims of unfair claim settlement practices. Those allegations addressed to provisions of CUTPAother than section 38a-816 (6) do not have to assert that defendant's actions occurred with such frequency as to be indicative of a "general business practice."
Count five incorporates the CUIPA violation allegations of count four. In addition to claims of unfair claims settlement practices, the plaintiff alleges the defendant "misrepresent[ed] . . . the benefits, advantages, conditions, extent of coverage for liability and terms of the Policy", "misrepresent[ed] . . . the purpose and actual effect of the "pollution exclusion' endorsement to the Policy" and "misrepresent[ed] CT Page 2946 . . . the purpose and actual effect of the definition of "occurrence' as it is presented in the Policy." Construing these allegations in the light most favorable to the plaintiff, as the court must do in considering a motion to strike, the court concludes they are sufficient and denies the defendant's motion to strike count five of plaintiff's amended complaint.[1]
Conclusion
For the foregoing reasons, the court grants the defendant's motion to strike counts three and four and denies the defendant's motion to strike count five of the plaintiff's amended complaint dated November 1, 2001.
BY THE COURT
McLachlan, J.